**Clarence PREJEAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44807.**

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied June 14, 1972.

Maurice U. Westerfeld, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Calvin Botley and Theodore P. Busch, Asst. Dist. Attys., Houston and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder with malice; the punishment, death.

The State's case is based upon circumstantial evidence and the jury was so instructed by the court's charge.

The appellant urges that the evidence is not sufficient to sustain the jury's verdict of guilt.

In the late afternoon of October 19, 1968, the mother of eight-year-old Linda Stevenson became worried when she could not find Linda. After searching and making inquiry until late in the evening, without finding her, the mother summoned police officers to aid in the search.

From their prior experiences the officers knew that missing children are often found asleep or hidden under beds or in closets in neighbors' homes. They searched several of the apartments in the area. Upon learning that Linda had been seen earlier in the day in the appellant's apartment, the officers knocked on his door and asked the appellant if they might look around in his apartment for the little girl. The appellant consented and admitted the two officers to the apartment. While Officer Bruce was looking under the bed in the back bedroom, the appellant attempted to close a closet door. When the officer opened that closet and moved some of the clothing, he found the body of the little girl. The appellant then jumped through a window and escaped.

The little girl's neck had been fractured and dislocated. A towel was stuck in her mouth, her dress was pulled up, her legs were apart and she had on no panties or shoes. Blood was visible in both her vaginal and rectal areas where the skin had been torn. Her left eye was black and blue and swollen. There were marked bruises on her neck indicating manual strangulation. The medical examiner testified the girl's skull had been fractured resulting from a

heavy blow. He found severe lacerations in the genital area which, in his opinion, were inflicted before the death of the child; sperm was found within the vaginal walls. Her death was caused by asphyxiation resulting from manual strangulation.

On the day that the offense was committed, the appellant was living alone in the apartment. That morning the appellant told a friend and co-worker that he was not going to work that day. Linda, who was said to be a friendly child, was playing in the courtyard with some friends near noon when the appellant returned to his apartment with a sack of groceries. Linda carried appellant's sack into the apartment for him, he gave her some candy and she came outside and gave the other children some of the candy. She then went back into the appellant's apartment. After a time her brother went to the apartment and asked appellant if Linda could come out and play. The appellant told him to get out of the door because Linda was busy and he slammed the door. Another witness said at about 2:00 p. m. she saw Linda sitting on the floor of the appellant's apartment, watching television. Linda was not seen after this time until her body was found.

At about 3:30 p. m. Linda's mother knocked on the appellant's door and asked if he had seen Linda. The appellant told her he had given Linda a quarter and that she had gone to the store to get some candy.

The appellant, testifying in his own behalf, said that he did not commit the offense and that he fled because he panicked and was afraid.

■ The appellant cites and quotes from Freels v. State, 151 Tex.Cr.R. 589, 210 S.W.2d 582 (Tex.Cr.App.1948) and Small v. State, 365 S.W.2d 18 (Tex.Cr.App.1963). The test for the sufficiency of evidence in a circumstantial evidence case as stated in Small v. State, *supra*, is:

"In order to support a conviction upon circumstantial evidence, every other *reasonable* hypothesis except the guilt of accused must be excluded, and the evidence must go further than to raise a probability or suspicion." (Emphasis added.)

A similar rule is stated in many cases. See 11A Tex.Digest, Criminal Law, ☜ Number 552(3).

■ To summarize the facts in the present case, the little girl was last seen with the appellant in his apartment on the afternoon of the day of the murder. The appellant chased her brother away when he inquired about her. The appellant told her mother in the middle of the afternoon that she had gone to the store. The appellant lived alone; he testified he had been in the apartment all day. When the officers were looking around the apartment, appellant attempted to close the closet door where Linda's body was found. When it was found, he jumped through a window and fled into the night. Applying the above rule, we conclude the circumstantial evidence which was before the jury is sufficient to sustain their verdict. Cf. McClure v. State, 430 S.W.2d 813 (Tex.Cr.App.1968) and Parker v. State, 432 S.W.2d 526 (Tex. Cr.App.1968).

■ Appellant argues that police officers searching for the missing girl entered his apartment and searched it without either a search warrant or a warrant of arrest, contrary to appellant's constitutional rights.

The uncontroverted evidence being that the officers entered the apartment looking for the missing girl after receiving the appellant's consent to do so, this contention is without merit. See Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572 (1972); Stevenson v. State, 456 S.W.2d 60 (Tex.Cr.App.1970) and Hinkley v. State, 389 S.W.2d 667 (Tex.Cr.App.1965).

The appellant asserts that it was error to permit the State to cross-examine him concerning prior felony convictions.

The appellant admitted prior convictions in the State of Louisiana, one for armed robbery in 1966 and one for burglary in 1962. The trial date of this case was June 10, 1970. Cross-examination concerning the prior convictions was proper, after the appellant had testfied. The appellant, after he becomes a witness, may be discredited and impeached by prior felony convictions which are not too remote to be admissible. Harris v. State, 466 S.W.2d 761 (Tex.Cr.App.1971); Menjares v. State, 456 S.W.2d 946 (Tex.Cr.App.1970); 1 Branch's Ann.P.C.2d § 168 at 170 (2d ed. 1956); 1 McCormick & Ray, Texas Evidence § 658 (2d ed. 1956); 39 Tex.Digest, Witnesses, ⊘ Number 337(6). The court limited the jury's consideration of the prior convictions to the purpose for which they had been admitted.

The appellant complains that his court-appointed counsel was not delivered a copy of the medical examiner's autopsy report in compliance with Article 3731a § 3, Vernon's Ann.Civ.St.[1] until the medical examiner took the witness stand to testify. Consequently, he did not have time for a "fair appraisal" of the report.

When the pathologist, Dr. Green, was called as a witness at the request of appellant's counsel, the court called a recess in order that counsel could examine the report before Dr. Green testified. After examining the report counsel did not request more time and proceeded with the trial. The autopsy report is a public record[2] and was available for defense counsel's inspection. It was not shown that defense counsel had not had an opportunity to inspect and read the report prior to trial.

A copy of the report should have been delivered to defense counsel at an earlier date but no evidence of harm resulting from not having been delivered a copy of the report at an earlier date is revealed by the record. The appellant has not demonstrated that counsel was unfairly surprised. No reversible error is shown.

The appellant's complaint regarding the prosecutor's repetitive questioning of him on cross-examination is without merit. The State's cross-examination of the appellant was well within permissible limits. This is a matter within the discretion of the trial court. No abuse of discretion is presented. 1 McCormick & Ray, Texas Evidence § 580 at 458 (2d ed. 1956).

The appellant, by supplemental brief filed in this court, contends that the appellant was deprived of a fair trial because he was tried in "jail clothes." There is no factual basis for this belated contention to be found in the record and it is therefore not before us for consideration.

However, we note that appellant's supplemental brief states "The clothing of the appellant was available in the jail locker, but any request for civilian clothing at that time would have been overruled." No reason is given for the conclusion that a request to be permitted to wear his civilian clothing would not have been granted. It would appear that trial strategy was the reason for not wearing "civilian clothing." Williams v. State, Tex.Cr.App., 477 S.W.2d 24 (1972).

The judgment is affirmed.

Opinion approved by the Court.

1. Article 3731a § 3, V.A.C.S. reads as follows:
"Such writing shall be admissible only if the party offering it has delivered a copy thereof, or so much of it as may relate to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

2. Article 49.25 § 11, Vernon's Ann.C.C.P.