Elsie Mavis TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–92–408–CR.

Court of Appeals of Texas, Austin.

June 30, 1993.

Paul Decuir, Jr., Houston, for appellant.

David M. Williams, County Atty., San Saba, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of driving while her license was suspended under the Texas Motor Vehicle Safety Responsibility Act. Tex.Rev.Civ.Stat.Ann. art. 6701h, §§ 1F, 32(c) (West Supp.1993). The jury assessed punishment, enhanced by a previous conviction for the same offense, at incarceration for 120 days and a $2000 fine. *Id.* § 32(c)(5).

■ In her first point of error, appellant claims that the county court erred by overruling her motion for mistrial made after the prosecutor mentioned before the jury appellant's motion in limine. Appellant argues that by telling the jury she had filed a motion in limine, the prosecutor planted in the jurors' minds the idea that appellant had something she did not want them to know.

If the prosecutor's remark was error, it was not preserved for review. Appellant's objection was untimely, coming only after the prosecutor's second reference to the motion in limine. Tex.R.App.P. 52(a). Further, the first reference to appellant's motion in limine within the hearing of the jury was made by defense counsel, just after the jury was sworn. Having first brought the motion in limine to the attention of the jurors, appellant is in no position to complain of the prosecutor's subsequent references to the motion. Point of error one is overruled.

In point of error two, appellant contends that the prosecutor commented on her failure to testify during jury argument at the guilt stage of trial. During his own argument, defense counsel asserted that the State failed to prove that appellant had notice that her driver's license had been suspended. In response, the prosecutor said, "[Y]'all heard the officer testify that notice of a suspended license is presumed if this notice was delivered.... So are they raising an issue that, well, she didn't know about it, that she didn't have notice that her license was suspended? Then she's required to come in and deny that." Appellant's objection that this was a comment on her failure to testify was sustained, but her motion for mistrial was overruled. Appellant did not ask for an instruction to disregard. The prosecutor continued, "The issue is, was there evidence? Did you have any evidence that she did not have notice? Because there has been no rebuttal, there's been no evidence that she did not have notice other than the statements of the attorney? You don't have that issue before you, and that's what I'm trying to tell you."

■ In a prosecution under article 6701h, it is an affirmative defense that the defendant did not receive actual notice of the suspension of her driver's license. Article 6701h, § 32(c)(3). Actual notice will be presumed if the notice of suspension was mailed to the last known address of the defendant as shown by the records of the Department of Public Safety. *Id.* The defendant has both the burden of production and the burden of persuasion on an affirmative defense. Tex.Penal Code Ann. § 2.04 (West 1974).

■ In his argument, defense counsel first mentioned the lack of evidence that appellant received notice that her license had been suspended. The prosecutor was entitled to respond to counsel's argument by pointing out that notice was presumed and that appellant had the burden of producing evidence to

the contrary. Because only appellant could testify that she did not have actual notice, it was inevitable that the State's reply would constitute a direct or indirect comment on appellant's failure to testify. We believe that the prosecutor's remarks did not exceed the scope of defense counsel's invitation. *Nethery v. State,* 692 S.W.2d 686, 703 (Tex.Crim. App.1985); *see Coleman v. State,* 643 S.W.2d 947, 951–52 (Tex.Crim.App.1982).

Furthermore, we are satisfied that any error in the prosecutor's remark was harmless beyond a reasonable doubt. Tex. R.App.P. 81(b)(2); *see Montoya v. State,* 744 S.W.2d 15, 37–38 (Tex.Crim.App.1987). Appellant's primary defense was an attack on the credibility of the arresting officer. Appellant did not request an instruction on the affirmative defense of lack of actual notice or on the existence of the presumed fact of notice. Tex.Penal Code Ann. § 2.05 (West Supp.1993). There was, as the prosecutor said, no notice issue for the jury to decide. Under the circumstances, the statement that appellant was "required to come in and deny" receiving notice of the suspension could not have contributed to the conviction. Point of error two is overruled.

■■■ In her last point of error, appellant complains that the enhancement portion of the information was not read to the jury and appellant's plea thereto was not received. The reading of the indictment is required by statute and has long been held to be mandatory. Tex.Code Crim.Proc.Ann. art. 36.-01(a)(1) (West Supp.1993); *Warren v. State,* 693 S.W.2d 414 (Tex.Crim.App.1985); *Peltier v. State,* 626 S.W.2d 30 (Tex.Crim.App.1981). This mandatory provision of article 36.01 is applicable to the penalty stage of a bifurcated trial. *Warren,* 693 S.W.2d at 415. In this cause, the information alleged that appellant had previously been convicted of driving while license suspended, a fact which enhances the punishment for the offense. Article 6701h, § 32(c)(5).

■■■ This Court must presume that appellant pleaded to the information unless this was made an issue in the trial court, or unless it otherwise affirmatively appears to the contrary from the record. Tex.R.App.P. 80(d). Appellant did not object, move for a

mistrial, move for a new trial, or otherwise raise in the county court the issue of her failure to plead to the enhancement allegation. We believe, however, that the record affirmatively demonstrates that she did not do so. After receiving the jury's guilty verdict and determining that neither party wished to have the jury polled, the court announced that the trial would proceed to the punishment phase and the State called its first witness. There is nothing in the statement of facts to indicate that the enhancement allegation was read to the jury or that appellant's plea to the allegation was received. Neither the court's charge at the punishment stage nor the judgment recites that the information was read or that appellant's plea was received. *See Ward v. State,* 168 Tex.Crim. 493, 329 S.W.2d 887, 888 (Tex. Crim.App.1959); *Garcia v. State,* 629 S.W.2d 196, 199 (Tex.App.—Corpus Christi 1982, pet. ref'd). Finally, the State concedes in its brief that appellant's point of error is factually correct. Under the circumstances, we conclude that the record affirmatively discloses that appellant did not plead to the enhancement allegation. We turn to the State's argument that the error was waived or, alternatively, was harmless.

The Rules of Appellate Procedure provide that a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling in order to preserve a complaint for appellate review. Tex.R.App.P. 52(a). The Court of Criminal Appeals has stated, however, that rule 52(a) does not apply to all trial errors. *Marin v. State,* 851 S.W.2d 275 (Tex.Crim. App.1993). According to *Marin,* criminal defendants have three kinds of rights: (1) rights that establish absolute requirements and prohibitions; (2) rights that must be implemented unless expressly waived; and (3) rights that must be implemented on request. Rule 52(a), says *Marin,* applies only to the third category. *Id.* at 279–80.

■■■ *Marin* does not explain the standards by which an appellate court is to classify rights for the purpose of applying rule 52(a). We believe, however, that the reading of the charging instrument is a right that

must be implemented in the absence of an express waiver. In 1908, the Court of Criminal Appeals wrote:

> The indictment is the basis for the prosecution. Among other things, its office is to inform the appellant of the charge laid against him, and one of the purposes of the requirement that it shall be read to the jury at the beginning of the prosecution is to inform them in precise terms of the particular charge laid against the defendant on trial. His plea thereto makes the issue. While it may be thought that this ground of objection is in its nature quite technical, it is, nevertheless, the right of every defendant to have the charge read against him and to have his plea entered therein. Such is the express provision of our statute, and this right has been recognized time out of mind by all the decisions of this court. It is of such a substantial nature that in all the decisions of this court is has been treated and regarded as mandatory. *That it can be waived is well established, but such a waiver cannot be inferred....*

*Essary v. State,* 53 Tex.Crim. 596, 111 S.W. 927, 930–31 (Tex.Crim.App.1908) (emphasis added). Seventy-nine years later, the court was no less insistent on compliance with the prescribed procedure:

> This Court has held that the provision of Art. 36.01, supra, that requires that the charging instrument shall be read to the defendant, is mandatory. The rationale for this rule of law is that until the charging instrument is read to the accused, and he pleads thereto, no issue is joined upon which to try him. This rule of law has been carried over to enhancement paragraphs that are alleged in the charging instrument. Without the reading of that part of the charging instrument that contains the enhancement allegations, and the entering of a plea thereto, no issue is joined upon which to enhance the punishment. Thus, joining the issue as to the enhancement allegation or allegations through a plea of "untrue", "not true", or "not guilty" is mandatory.

*Ex parte Sewell,* 742 S.W.2d 393, 395 (Tex. Crim.App.1987) (citations omitted).

■ We have found one opinion of the Court of Criminal Appeals in which it is stated that the failure to read the charging instrument cannot be raised for the first time on appeal. *Reed v. State,* 500 S.W.2d 497, 499 (Tex.Crim.App.1973). This statement is dicta, however, because *Reed* was a trial before the court to which article 36.01 is not applicable. Moreover, the opinion cited by *Reed* in support of this statement is not on point. *Cox v. State,* 422 S.W.2d 929 (Tex. Crim.App.1968). The opinions cited by the State in its brief, dealing with the waiver of the right to confrontation, are also not on point. We hold that the failure to comply with article 36.01(a)(1) at the punishment stage was not waived by appellant's silence in the county court.

■ Merely because a statute has been held mandatory does not mean that its violation cannot be harmless error. Tex.R.App.P. 81(b)(2); *Roberts v. State,* 784 S.W.2d 430, 435–36 (Tex.Crim.App.1990). In *Roberts,* the court noted that the violation of a mandatory statute does not merit reversal where rigorous adherence to the statute would not have served its intended purpose, or where the intended purpose of the statute was accommodated in spite of the statutory breach. *Id.* at 437. At least one court of appeals has applied the harmless error rule to a violation of article 36.01(a)(1). *Lara v. State,* 740 S.W.2d 823, 828–29 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd).

■ In this cause, appellee testified at the punishment stage and admitted her previous conviction for driving while her license was suspended. This admission was the equivalent of a plea of true to the enhancement allegation. Under the circumstances, rigorous adherence to article 36.01(a)(1) would have served no purpose because there was no issue to be joined as to the enhancement allegation. We conclude that the error did not contribute to the punishment assessed and hold that the error was harmless beyond a reasonable doubt.

The judgment of conviction is affirmed.