Elsie Mavis TURNER, Appellant

v.

The STATE of Texas, Appellee.

No. 980–93.

Court of Criminal Appeals of Texas, En Banc.

March 29, 1995.

---

Paul Decuir, Jr., Houston, for appellant.

David M. Williams, County Atty., San Saba and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

A jury convicted appellant of driving while license suspended and assessed punishment, enhanced with proof of a prior conviction for the same offense, at confinement for 120 days and a $2,000 fine. The Austin Court of Appeals affirmed the conviction. *Turner v. State*, 860 S.W.2d 147, 151 (Tex.App.—Austin 1993). We reverse.

The information charged appellant with the primary offense of driving while license suspended, and it contained an enhancement paragraph alleging appellant previously had been convicted of the same offense. The record reflects appellant's trial immediately proceeded to the punishment phase after the trial court received the jury's guilty verdict. The State presented evidence of appellant's prior conviction during its case-in-chief. Appellant then testified in support of her application for probation. On cross-examination, she also testified she previously had been convicted of driving while license suspended.

"Q. Ms. Turner, you were convicted of the offense of driving while license

1. The Court of Appeals reasoned that appellant's admission of the prior conviction was the equivalent of a plea of true to the enhancement allegation; therefore, there was no issue to be joined as to the enhancement allegation. *Turner*, 860 S.W.2d at 151. The Court of Appeals also noted at least one other intermediate appellate court decision that applied a harmless error analysis to a violation of Article 36.01. See *Lara v. State*,

suspended, an event which occurred in April of '91; were you not?

"A. Yes, sir.

"Q. And then as we've heard in March of this year you committed the same offense?

"A. Yes."

The court's charge instructed the jury on the punishment range for the primary offense, a Class B misdemeanor, and on the punishment range for a Class A misdemeanor,

"[i]f it is shown beyond a reasonable doubt during a trial of an offense of Driving While License Suspended that [appellant] ha[d] previously been convicted of an offense of Driving While License Suspended...."

The jury assessed appellant's punishment within the punishment range for a Class A misdemeanor.

Appellant complained for the first time on direct appeal that "the enhancement portion of the information was not read to the jury and appellant's plea thereto was not received" as required by Article 36.01(a)(1) and (2), V.A.C.C.P. *Turner*, 860 S.W.2d at 150. Relying on *Marin v. State*, the Court of Appeals addressed the merits of the issue because "reading of the charging instrument is a right that must be implemented in the absence of an express waiver." *Turner*, 860 S.W.2d at 150–151; see *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex.Cr.App.1993); but see *Warren v. State*, 693 S.W.2d 414, 416 (1985). However, relying on *Roberts v. State*, the Court of Appeals held the Article 36.01 violation was harmless under Tex. R.App.Proc. 81(b)(2) because "rigorous adherence to article 36.01(a)(1) would have served no purpose."[1] *Turner*, 860 S.W.2d at 151; see *Roberts v. State*, 784 S.W.2d 430, 435–36 (Tex.Cr.App.1990). We granted appellant's petition for discretionary review to determine whether a Rule 81(b)(2) harmless

740 S.W.2d 823, 828–29 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd), cert. denied, 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989). However, *Lara* dealt with a situation where the indictment was not read and the defendant did not enter a plea at guilt-innocence. Whether Rule 81(b)(2) is applicable to this violation of Article 36.01 is not before this Court.

error analysis is applicable to error resulting from not reading the enhancement paragraphs and not entering a plea.

Article 36.01(a)(1) provides:

"The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

Article 36.01(a)(2) provides:

"The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated."

Relying on *Marin,* appellant appears to argue that Rule 81(b)(2) is inapplicable to the Article 36.01 violation here because the applicable statutory provisions are prophylactic rules of procedure designed to impose a uniform requirement where the fairness of a flexible rule is too uncertain. See *Marin,* 851 S.W.2d at 281. Relying on *Roberts,* the State argues such a rule would simply be a "rigorous adherence" to form, violative of the intended "purpose, object and spirit" of the Code of Criminal Procedure.[2]

▆▆▆ We disagree. This Court has held the reading of the enhancement paragraphs at the penalty stage in a bifurcated trial and the entering of a plea thereto are mandatory. *Warren,* 693 S.W.2d at 415; cf. *Peltier v. State,* 626 S.W.2d 30, 31 (Tex.Cr.App.1982); *Essary v. State,* 53 Tex.Crim. 596, 111 S.W. 927 (1908). The purpose of this rule is:

"[t]o inform the accused of the charges against him and to inform the jury of the precise terms of the particular charge against the accused. (Citation Omitted) Without the reading of the indictment and the entering of a plea, no issue is joined upon which to try. (Citations Omitted)." *Warren,* 693 S.W.2d at 415.

Prior to the promulgation of the Rules of Appellate Procedure, this Court made no inquiry into the harmfulness of the error in violating this rule. We now decide whether a violation of the mandatory statutory provisions at issue here is subject to a Rule 81(b)(2) harmless error analysis. See *Roberts,* 784 S.W.2d at 435.

*In Ex parte Sewell,* 742 S.W.2d 393, 393–94 (Tex.Cr.App.1987), the defendant was convicted in 1975 for the primary offense and sentenced as an habitual offender; the indictment contained enhancement paragraphs A and B. After the defendant pled "untrue" to both enhancement paragraphs, the State abandoned one of the enhancement paragraphs at "some unknown point in time during the punishment hearing." In 1980, this Court declared the conviction alleged in the other enhancement paragraph void. In 1981, this Court set aside on habeas corpus the defendant's 1975 conviction for the primary offense. In 1981, the defendant was again convicted of the primary offense, and he was sentenced as an habitual offender based on enhancement paragraphs C, D, E, and F.[3] This Court held double jeopardy principles prohibited the defendant from being declared an habitual offender for the same primary offense in the 1981 prosecution. *Sewell,* 742 S.W.2d at 395–96. The rationale for this holding was that in the 1975 prosecution:

"when applicant entered his plea of 'untrue' to the two enhancement allegation paragraphs at his 1975 trial on the issue of punishment he joined issue with the State as to those allegations (Citations Omitted), and, because the jury had been impaneled and sworn, jeopardy attached (Citation Omitted)." *Sewell,* 742 S.W.2d at 396.

The *Sewell* court further observed in dicta that when the State abandoned one of the enhancement paragraphs in the 1975 prosecution after the defendant pled "untrue" to it, this "amounted to an acquittal for future enhancement purposes."[4]

---

2. Under the record before us, Rule 80(d), Tex. R.App.Proc., is not implicated.

3. The prior convictions alleged in these paragraphs in the 1981 prosecution were not alleged in the 1975 prosecution.

4. Cf. *Ex parte Preston,* 833 S.W.2d 515, 517 (Tex. Cr.App.1992) (if State dismisses, waives or abandons portion of indictment after jeopardy attaches, State is barred from later relitigating those allegations).

*Sewell* was a unanimous opinion, and we are not inclined to reexamine it now. Therefore, the error in not requiring a defendant to plead to the enhancement paragraphs harms a defendant by denying him the benefit of the rule in *Sewell,* unless it can be said the procedure followed here can be treated as if a defendant pled "true" to the enhancement allegation, or as if a defendant pled "untrue" to the enhancement allegation and the State proved what it alleged. See *Sewell,* 742 S.W.2d at 396.

However, we reject these arguments because not reading the enhancement paragraphs and having the defendant plead to them could mislead a defendant into believing the State has abandoned the enhancement paragraphs. This defendant might take the stand and incriminate herself, like here, for purposes other than to subject herself to an enhanced sentence. See Article 1.03(5), V.A.C.C.P., (one of the objects of the Code is to insure a fair and impartial trial). Under these circumstances, it would be difficult to say sustaining the objection of a defendant, when she discovers the enhancement provision in the jury charge, cured the harm.

In addition, a defendant's right, under Article 36.01, to stand before the jury and plead "untrue" to the enhancement paragraphs is a valuable right. Otherwise, the jury might get the impression the defendant concedes the State's case against her relieving the State of the obligation to prove what it alleged. Arguably, the State might be able to make an adequate record showing no harm; however, this would be an unnecessary waste of judicial resources the State easily could avoid by simply reading the enhancement paragraphs and having the defendant plead to them.[5]

Because of the double jeopardy implications of failing to comply with Article 36.01, and the potential for harm to a defendant's right to a fair punishment hearing and wasted judicial resources in future cases, it is not unreasonable, nor is it inconsistent with the purposes of the Code,[6] to require the State to strictly comply with the portion of Article 36.01 at issue here. This case is more like *Meek v. State,* 851 S.W.2d 868 (Tex.Cr.App. 1993), and *Marin* than *Roberts;* therefore, the Court of Appeals erred to rely on *Roberts.* This case is further distinguishable from *Meek, Marin,* and *Roberts* because here the State is *solely* responsible for the error. For the foregoing reasons, a bright line rule is appropriate here. Therefore, we hold a Rule 81(b)(2) harmless error analysis is inapplicable to the error that occurred in this case.

We reverse the judgment of the Court of Appeals and remand this case to the trial court for a new punishment hearing.

CLINTON, J., concurs in the result.

MANSFIELD, Judge, joining majority opinion:

I join the opinion of the majority subject to my opinion that a violation of Tex.Code Crim. Proc.Art. 36.01(a)(1) may, in some instances, be subject to harmless error analysis under Texas R.App.Proc.Rule 81(b)(2). It is clear, in the present case, that the violation cannot be said to be harmless beyond a reasonable doubt.

---

5. We also note when an error like the one here is discovered the State can cure it by reading the enhancement paragraph, having the defendant plead to it, and reintroducing the evidence. See *Warren,* 693 S.W.2d at 416.

6. See Article 1.03, V.A.C.C.P.