TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00370-CR







Larry Goffney, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 94-0344-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING






PER CURIAM

 

 Appellant was charged with second offense driving while intoxicated ("DWI"). A
jury found appellant guilty as charged. Based on the jury's recommendation, the trial court
rendered judgment that appellant serve two years confinement and pay a $1,000 fine. Appellant
challenges his conviction by two points of error. We will affirm the judgment of conviction.

 By point of error one, appellant complains that the trial court erred by allowing the
prosecutor to try him without first reading the information to the jury and taking his plea. See
Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West Supp. 1996). Instead, the prosecutor read
the complaint to the jury and appellant pled not guilty. 

 We first address whether appellant should have objected to preserve error. Tex.
R. App. P. 52(a). We held in Turner v. State, 860 S.W.2d 147, 150-151 (Tex. App.--Austin
1993), rev'd on other grounds, 897 S.W.2d 787 (Tex. Crim. App. 1995), that an appellant may
raise for the first time on appeal the issue of the prosecution's failure to comply with article
36.01(a)(1) because the reading of the charging instrument is a right that must be implemented in
the absence of an express waiver. Id.; see Marin v. State, 851 S.W.2d 275 (Tex. Crim. App.
1993). (1) We adhere to our conclusion in Turner that a defendant need not object to preserve error
if the record affirmatively shows that the prosecutor failed to comply with article 36.01(a). See
Tex. R. App. P. 80(d). In this case, appellant did not waive error by failing to object since the
record clearly shows that the prosecutor read the complaint rather than the information.

 Article 36.01(a)(1) provides that the "indictment or information shall be read to the
jury by the attorney prosecuting." Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West Supp.
1996) (emphasis added). Article 36.01(a)(2) provides that the "special pleas, if any shall be read
by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated." 
Id., art. 36.01(a)(2) (emphasis added). 

 The charging instrument - either an indictment or an information - is the basis for
prosecution. See Essary v. State, 111 S.W. 927, 930-31 (Tex. Crim. App. 1908) (reading
indictment is necessary). An information is "a written statement filed and presented in behalf of
the State by the district or county attorney, charging the defendant with an offense which may by
law be so prosecuted." Tex. Code Crim. Proc. Ann. art. 21.20 (West 1989). Its purposes are
to (1) inform the defendant of the charge against him, (2) inform the jury of the charge against
the defendant, and (3) allow the defendant's plea to put the charge at issue. Essary, 111 S.W. at
930-31. 

 The portion of the information that should have been read stated:



I, the undersigned ASSISTANT COUNTY ATTORNEY of WILLIAMSON
COUNTY, in said State, on the written affidavit of R. C. NICHOLS, a competent
and credible person herewith filed in the COUNTY COURT AT LAW # 1, in the
County of Williamson and the State of Texas do present unto said court that on or
about 12/20/93, and before the making and filing of this information in the County
of Williamson and the State of Texas, LARRY GOFFNEY, Defendant, did then
and there


unlawfully drive and operate a motor vehicle in a public place within said County,
to-wit: on a public street and highway, when the said Defendant did not then and
there have the normal use of mental and physical faculties by reason of the
introduction of alcohol into the body, and


On or about the 20TH day of DECEMBER, 1993, in the County of Williamson
and State of Texas, LARRY GOFFNEY, Defendant did then and there unlawfully
drive and operate a motor vehicle in a public place within said County, to-wit, on
a public street and highway, when the said Defendant did then and there have an
alcohol concentration of 0.10 or more . . . 


 AGAINST THE PEACE AND DIGNITY OF THE STATE. (2)



 The document mistakenly read was the complaint. The complaint is an "affidavit
made before the . . . county attorney [that] charges the commission of an offense." Tex. Code
Crim. Proc. Ann. art. 15.04 (West 1977). The portion of the complaint that was read stated:



I, R. C. Nichols, being duly sworn, do state upon my oath that I have good reason
to believe that, and do believe, based on the facts stated in the written offense
report and investigation of J. CUMMINGS, whom I know to be a Peace Officer
of the State of Texas, who is a reliable observer and investigator, and I charge, that
heretofore, and before the filing of this complaint, that on or about 12/20/93, in
the County of Williamson and State of Texas, Larry Goffney, Defendant, did then
and there


unlawfully drive and operate a motor vehicle in a public place within said County,
to-wit, on a public street and highway, when the said Defendant did not then and
there have the normal use of mental and physical faculties by reason of the
introduction of alcohol into the body, and


On or about the 20TH day of DECEMBER, 1993 in the County of Williamson and
State of Texas, LARRY GOFFNEY, Defendant, did then and there unlawfully
drive and operate a motor vehicle in a public place within said County, to-wit, on
a public street and highway, when the said Defendant did then and there have an
alcohol concentration of 0.10 or more . . .


AGAINST THE PEACE AND DIGNITY OF THE STATE.



The complaint and the information are in substance identical and in wording strikingly similar. 
The description of the charge is exactly the same in the two documents; the only difference is that
the complaint is R. C. Nichols' affidavit to the county attorney and the information is the county
attorney's affidavit to the court based on R. C. Nichols' complaint. 

 The prosecutor erred by reading the wrong document. The issue is whether the
prosecutor's reading of the complaint rather than the information at the guilt-innocence phase of
a trial requires reversal or whether harmless error analysis applies. See Tex. R. App. P. 81(b)(2). 
Article 36.01's requirement that the charging instrument be read is mandatory. Ex parte Sewell,
742 S.W.2d 393, 395-96 (Tex. Crim. App. 1987). But the State's failure to comply with a
mandatory statute does not always require reversal. Roberts v. State, 784 S.W.2d 430, 437 (Tex.
Crim. App. 1990). The harmless error rule may apply if the noncompliance does not violate the
"purpose, object, and spirit" of the statute. Id.

 Here, the prosecutor read a document which was in substance identical to the
information, and appellant pled not guilty. The purposes of requiring that the information be
read, that the jury and defendant be apprised of the charge and that defendant's plea be joined,
are served. We conclude that the error is harmless. See Lara v. State, 740 S.W.2d 823, 828-29
(Tex. App.--Houston [1st Dist.] 1987, pet. ref'd), cert. denied, 493 U.S. 827 (1989) (prosecutor's
failure to read charging instrument and defendant's failure to plead at guilt-innocence phase
harmless when arraignment and comments to jury during voir dire served those purposes).

 We distinguish Turner v. State, in which the Texas Court of Criminal Appeals held
that the State's failure to read the enhancement paragraphs of the information at the sentencing
phase of a trial was reversible error not subject to a harm analysis. 897 S.W.2d at 789. The
court reasoned that failing to read the enhancement paragraphs at the punishment phase might
mislead a defendant into believing that the State has abandoned the enhancement paragraphs or
the jury into believing that the State is relieved of the burden of proving what it has alleged. Id. 
The court limited its holding to the error that occurred in that case, and specifically did not
address the issue of a prosecutor's failure to read the information or indictment, and the
defendant's failure to plead, at the guilt-innocence phase. Id. at 787 n.1 (referring to Lara, 740
S.W.2d 823). In this case involving error occurring at the guilt-innocence phase, the substance
of the charging instrument was read and the defendant did plead. We conclude that Turner is not
controlling. We overrule point of error one.

 By point of error two, appellant complains that the trial court erred by admitting
evidence that the State had not produced even though the trial court had ordered it to provide any
physical evidence "material to any matter involved in this case" which it intended to offer at trial. (3) 
The evidence at issue, State's exhibits 10 and 11, are a certified copy of his driving record and
the record of his prior conviction for DWI.

 Because we find no harm, we will assume without deciding that the record of
Goffney's prior conviction for DWI was included in the request for any physical evidence
"material to any matter involved in this case." However, we note that Goffney specifically
requested "[c]ertified copies of all documents relating to alleged crimes, wrongs, or acts" in his
motion for notice of evidence of other crimes, wrongs, or acts, and that the specific request was
not granted. The refusal to grant the specific request implies that the trial court did not intend to
include the documents within the general request.

 Regardless, we conclude that the prosecutor's failure to produce the documents was
not harmful. The only harm appellant alleges is from the admission of the evidence itself. 
Appellant did not claim surprise at the hearing, nor could he, since the charge and information
alleged that he had been previously convicted of DWI. Ramirez v. State, 815 S.W.2d 636, 649
(Tex. Crim. App. 1991) (not reversible error to fail to provide copies of prior criminal record
when defendant's counsel knew of prior convictions and no surprise or prejudice shown). 
Appellant did not manifest surprise by moving for a continuance or short recess. Id. The
documents were public documents as accessible by the defendant as by the prosecutor. Prejean
v. State, 480 S.W.2d 652, 655 (Tex. Crim. App. 1972) (failure to give defendant copy of autopsy
report not reversible error when counsel did not demonstrate surprise and report was public record
available to defendant). We overrule point of error two.

 We affirm the judgment of conviction.



Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 22, 1996

Do Not Publish
1.   We affirmed the conviction in Turner on the basis that the error had caused no harm. 
Turner, 860 S.W.2d at 151. The Court of Criminal Appeals, without expressly ruling on the
issue of preservation of error, reversed the cause on the basis that the harmless error rule did
not apply. Turner v. State, 897 S.W.2d 787, 789 (Tex. Crim. App. 1995).
2.   Both the complaint and the information alleged a previous DWI conviction. 
However, since the prior conviction was included only for enhancement purposes, that
portion was not read until the sentencing phase of the trial. Tex. Code Crim. Proc. Ann.
art. 36.01(a)(1) (West Supp. 1996); see Love v. State, 833 S.W.2d 264 (Tex. App.--Austin
1992, pet. ref'd).
3.   The State, citing State v. Kibler, 874 S.W.2d 330, 331-32 (Tex. App.--Fort Worth
1994, no pet.), urges that we do not have the jurisdiction to hear this point of error because
appellant's motion for discovery "was not signed by the trial court and therefore this purported
order is not an appealable order as required under Texas Rule of Appellate Procedure
41(b)(1)." The State is wrong. At issue in Kibler was whether the order appealed from is a
final, appealable order that conferred jurisdiction on the appellate court. Id. Finality is not at
issue in this case.



believing that the State is relieved of the burden of proving what it has alleged. Id. 
The court limited its holding to the error that occurred in that case, and specifically did not
address the issue of a prosecutor's failure to read the information or indictment, and the
defendant's failure to plead, at the guilt-innocence phase. Id. at 787 n.1 (referring to Lara, 740
S.W.2d 823). In this case involving error occurring at the guilt-innocence phase, the substance
of the charging instrument was read and the defendant did plead. We conclude that Turner is not
controlling. We overrule point of error one.

 By point of error two, appellant complains that the trial court erred by admitting
evidence that the State had not produced even though the trial court had ordered it to provide any
physical evidence "material to any matter involved in this case" which it intended to offer at trial. (3) 
The evidence at issue, State's exhibits 10 and 11, are a certified copy of his driving record and
the record of his prior conviction for DWI.

 Because we find no harm, we will assume without deciding that the record of
Goffney's prior conviction for DWI was included in the request for any physical evidence
"material to any matter involved in this case." However, we note that Goffney specifically
requested "[c]ertified copies of all documents relating to alleged crimes, wrongs, or acts" in his
motion for notice of evidence of other crimes, wrongs, or acts, and that the specific request was
not granted. The refusal to grant the specific request implies that the trial court did not intend to
include the documents within the general request.

 Regardless, we conclude that the prosecutor's failure to produce the documents was
not harmful. The only harm appellant alleges is from the admission of the evidence itself. 
Appellant did not claim surprise at the hearing, nor could he, since the charge and information
alleged that he had been previously convicted of DWI. Ramirez v. State, 815 S.W.2d 636, 649
(Tex. Crim. App. 1991) (not reversible error to fail to provide copies of prior criminal record
when defendant's counsel knew of prior convictions and no surprise or prejudice shown). 
Appellant did not manifest surprise by moving for a continuance or short recess. Id. The
documents were public documents as accessible by the defendant as by the prosecutor. Prejean
v. State, 480 S.W.2d 652, 655 (Tex. Crim. App. 1972) (failure to give defendant copy of autopsy
report not reversible error when counsel did not demonstrate surprise and report was public record
available to defendant). We overrule point of error two.

 We affirm the judgment of conviction.



Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 22, 1996

Do Not Publish
1.   We affirmed the conviction in Turner on the basis that the error had caused no harm. 
Turner, 860 S.W.2d at 151. The Court of Criminal Appeals, without expressly ruling on the
issue of preservation of error, reversed the cause on the basis that the harmless error rule did
not apply. Turner v. State, 897 S.W.2d 787, 789 (Tex. Crim. App