TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00311-CR







Dallas Ray Mikolajczyk, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 420-515, HONORABLE DAVID PURYEAR, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of driving while his driver's license was suspended
pursuant to the Texas Motor Vehicle Safety Responsibility Act. Act of May 26, 1987, 70th Leg.,
R.S., ch. 922, § 2, 1987 Tex. Gen. Laws 3111, 3112 (Tex. Rev. Civ. Stat. Ann. art. 6701h, §
32(c)(1)(A), since amended and codified at (Tex. Transp. Code Ann. § 601.371 (West 1996)). 
The county court at law assessed punishment at incarceration for sixty days and a $500 fine.

 Appellant's first point of error is that he was not given proper notice that his license
had been suspended. Lack of notice is an affirmative defense on which appellant had the burden
of production and persuasion. Turner v. State, 860 S.W.2d 147, 149 (Tex. App.--Austin 1993),
rev'd on other grnds, 897 S.W.2d 786 (Tex. Crim. App. 1995); former art. 6701h, § 32(c)(3). 
The record contains a partial statement of facts that does not include any testimony. (1) Appellant
did not file a statement limiting the appeal. Tex. R. App. P. 53(d). We must presume that the
omitted portions of the statement of facts are relevant to this appeal and support the judgment. 
Johnson v. State, 894 S.W.2d 529, 535 (Tex. App.--Austin 1995, no pet.). On this record,
appellant has failed to demonstrate that he was not given notice that his driver's license was
suspended or that the statutory requisites for suspending a driver's license were not followed in
any other respect.

 Appellant also contends under this point of error that former article 6701h
unconstitutionally permitted the State to terminate a property interest without due process of law. 
We have held, however, that a license to drive is not property, but a privilege subject to
reasonable regulations. Ex parte Arnold, 916 S.W.2d 640, 642 (Tex. App.--Austin 1996, pet.
filed). The contention that article 6701h violated due process of law also has been rejected. 
Riggle v. State, 778 S.W.2d 127, 129 (Tex. App.--Texarkana 1989, no pet.). Point of error one
is overruled.

 By point of error two, appellant complains that the court erroneously denied his
motion for a pretrial evidentiary hearing. Appellant contends such a hearing was necessary to
permit him to adduce exculpatory evidence, citing Brady v. Maryland, 373 U.S. 83 (1963), and
Jencks v. United States, 353 U.S. 657 (1957). Specifically, appellant asserts that such a hearing
would have shown that his driver's license was unlawfully suspended. 

 Appellant's motion for pretrial evidentiary hearing did not mention Brady or
Jencks. According to the motion, appellant sought the pretrial hearing for the purpose of
addressing various issues pertaining to the nature and purpose of the statute by which his license
was suspended. The court did not err by overruling this motion. Appellant's contention that his
driver's license was unlawfully suspended was an affirmative defense and properly reserved for
trial. Point of error two is overruled.

 Next, appellant urges that the information was defective because it did not name
the complaining witness. Appellant did not raise this contention in a pretrial motion to quash or
dismiss the information, thereby waiving his right to complain on appeal. Tex. Code Crim. Proc.
Ann. art. 1.14(b) (West Supp. 1996). In any event, there need not be a victim or complaining
witness in a driving with license suspended prosecution. See State v. Pierce, 816 S.W.2d 824,
826 (Tex. App.--Austin 1991, no pet.). Point of error three is overruled.

 In point of error four, appellant contends the court's charge was defective because
it did not require a finding that appellant's driver's license had been legally suspended. The
record before us does not reflect that appellant objected to the charge on this ground, and an
examination of the charge belies appellant's complaint. In applying the law to the facts, the court
instructed the jury that it was to convict appellant only if it found that appellant's license had been
legally suspended. Point of error four is overruled.

 Finally, appellant contends that the laws and regulations regarding the licensing of
drivers are an unconstitutional restriction on the right to travel. The right to travel does not,
however, give appellant the right to operate a motor vehicle on the public roads of this State
without a license. Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.). 
Driving is not a constitutionally protected right, but a privilege. Ex parte Arnold, 916 S.W.2d
at 642. Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: July 17, 1996

Do Not Publish
1. In the partial statement of facts, the court calls the case for trial and asks the parties
if they are ready to proceed. Appellant, who represented himself at trial as he does on
appeal, stated that he was not ready and demanded a pretrial evidentiary hearing. The
partial statement of facts ends with the court announcing that voir dire would begin.



of facts that does not include any testimony. (1) Appellant
did not file a statement limiting the appeal. Tex. R. App. P. 53(d). We must presume that the
omitted portions of the statement of facts are relevant to this appeal and support the judgment. 
Johnson v. State, 894 S.W.2d 529, 535 (Tex. App.--Austin 1995, no pet.). On this record,
appellant has failed to demonstrate that he was not given notice that his driver's license was
suspended or that the statutory requisites for suspending a driver's license were not followed in
any other respect.

 Appellant also contends under this point of error that former article 6701h
unconstitutionally permitted the State to terminate a property interest without due process of law. 
We have held, however, that a license to drive is not property, but a privilege subject to
reasonable regulations. Ex parte Arnold, 916 S.W.2d 640, 642 (Tex. App.--Austin 1996, pet.
filed). The contention that article 6701h violated due process of law also has been rejected. 
Riggle v. State, 778 S.W.2d 127, 129 (Tex. App.--Texarkana 1989, no pet.). Point of error one
is overruled.

 By point of error two, appellant complains that the court erroneously denied his
motion for a pretrial evidentiary hearing. Appellant contends such a hearing was necessary to
permit him to adduce exculpatory evidence, citing Brady v. Maryland, 373 U.S. 83 (1963), and
Jencks v. United States, 353 U.S. 657 (1957). Specifically, appellant asserts that such a hearing
would have shown that his driver's license was unlawfully suspended. 

 Appellant's motion for pretrial evidentiary hearing did not mention Brady or
Jencks. According to the motion, appellant sought the pretrial hearing for the purpose of
addressing various issues pertaining to the nature and purpose of the statute by which his license
was suspended. The court did not err by overruling this motion. Appellant's contention that his
driver's license was unlawfully suspended was an affirmative defense and properly reserved for
trial. Point of error two is overruled.

 Next, ap