Larry Corn v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-209-CR

     LARRY CORN,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court
Navarro County, Texas
Trial Court # 43235
                                                                                                                

O P I N I O N
                                                                                                                

      A jury convicted Larry Corn of misdemeanor driving while intoxicated, second offense. Tex.
Pen. Code Ann. §§ 49.04, 49.09 (Vernon 1994 & Supp. 1998). He was sentenced to thirty days
in jail and a $1,000 fine. Corn appeals on five points. We will affirm the judgment.
      Corn was involved in a two-vehicle accident on September 8, 1996. Vicky Henexon was the
driver of the other vehicle, and her son, Chris, was a passenger in her vehicle. The investigating
officer suspected Corn was intoxicated and performed field sobriety and intoxilyzer tests. Corn
was arrested for driving while intoxicated. 
      Chris testified that the accident occurred at the corner of Highway 287 and Farm to Market
739. His mother's truck was stopped at a stop sign on FM 739 when a black truck struck the
driver's side and “took us for about a 360 spin.” Chris identified Corn as the driver of the black
truck. He testified that he saw two or three beer cans on the dash of Corn's truck.
      Elizabeth Johnson witnessed the accident. She testified that the black truck passed her on
Highway 287. Johnson's testimony indicated that Henexon had not stopped at the stop sign.
      Henexon testified that she had stopped a little past the stop sign and was preparing to make
a right-hand turn. She looked to her left and was hit. Henexon testified that she went to the
“pound” the next day and saw her truck and the other truck involved. She identified State's
Exhibit 4 as a photograph she had taken of the black truck that had hit her. 
      Chris was recalled to the stand. He identified State's Exhibit 4 as a photograph of Corn's
truck in substantially the same condition as it was immediately after the accident. On voir dire,
Chris testified that he did not take the photograph. Corn objected on grounds of relevancy and
failure to lay a predicate. The court overruled the objection. In a bill of exception, Corn
questioned Chris about the beer can showing in the dash of the truck.
PHOTOGRAPHS
      Corn's first point complains of the admission of State's Exhibit 4. He argues that Chris did
not take the photo, was not present when the truck was taken to the wrecker location, and did not
know what had happened between the time of the accident and the time the photograph was taken.
      Henexon testified that she took the photograph the day after the accident. Chris testified that
the photograph showed Corn's truck in substantially the same condition it had been in just after
the accident. We believe their testimony satisfies the requirements of Rule 901. Tex. R. Evid.
901. The court did not err in admitting Exhibit No. 4. We overrule point one.
INTOXILYZER INSTRUCTION
      Corn's second point asserts that the trial court improperly refused his request for a jury
instruction on intoxilyzer procedures. He argues that he raised a fact issue about whether
Department of Public Safety regulations were complied with during the DWI breath test and thus
was entitled to a charge on the proper procedures. Atkinson v. State, 923 S.W.2d 21, 23 (Tex.
Crim. App. 1996).
      A breath specimen must be taken and analyzed under DPS rules by a certified individual who
is qualified to perform the analysis. Tex. Transp. Code Ann. § 724.016 (Vernon Supp. 1998). 
DPS may adopt rules approving satisfactory analytical methods for administering the breath test. 
Id. Current regulations concerning breath-testing techniques are found in section 19.3 of the
Texas Administrative Code. 37 Tex. Admin. Code § 19.3.
      Trooper Hickman testified that he administered the breath test. Defense counsel cross-examined Hickman on whether he had changed the mouthpiece before Corn's test and whether he
had continuously observed Corn for fifteen minutes before the test. Hickman testified that he had
changed the mouthpiece before Corn's test and had complied with every required DPS regulation
in administering the breath test.
      Corn provided the court with a requested three-page jury instruction on DPS intoxilyzer rules
and regulations. As the State points out, a significant portion of the proposed instruction contains
outdated regulations that are no longer applicable. For instance, section 19.3(i) no longer requires
fifteen minutes of “continuous observation” as requested in Corn's instruction. Id. 19.3(i). 
Rather, it requires the operator to “remain in the presence of the subject at least 15 minutes before
the test . . . .” Id. Furthermore, “[d]irect observation is no longer necessary to ensure the
validity or accuracy of the test result.” Id. 
      Unlike the facts in Atkinson,


 there is no evidence to contradict the officer's testimony that
he complied with all required procedures. Thus, no fact question was raised requiring an
instruction. We overrule point two. 
AUTHENTICITY OF PRIOR JUDGMENT
      Corn's third point complains that the court allowed the admission of a prior judgment without
proper authentication or predicate. At punishment, the State offered Exhibit No. 5, a certified
copy of a prior DWI judgment. Corn objected that it was not a certified copy from the court. The
prosecutor testified that Exhibit No. 5 was the certified copy of a signed judgment that he had
requested from the county clerk's office. Corn complains on appeal that the document was not
under seal pursuant to Rule 902(1) or (2). Tex. R. Evid. 902(1), (2).
      The State responds that Exhibit No. 5 was a copy of a prior judgment certified by the deputy
county clerk which the court found to be self-authenticating under Rule 902(4). Id. 902(4). We
agree with the State and overrule point three.
TERMS OF COMMUNITY SUPERVISION
      Corn's fourth point complains that the court erred in denying his request that the conditions
of community supervision be included in the court's charge. The Court of Criminal Appeals has
held that a court may refuse to include these terms in the charge. Yarbrough v. State, 779 S.W.2d
844 (Tex. Crim. App. 1989). We overrule point four.
ENHANCEMENT PORTION
      Corn's final point complains that the court should have granted his requested mistrial because
the State failed to read the enhancement portion of the charge before the punishment phase began. 

      The State did not read the enhancement portion prior to presenting its punishment evidence. 
After the defense rested, the State began its closing argument. Corn moved for a mistrial. The
court reopened the case to allow the reading of the enhancement portion of the complaint. Corn
pled “not true.” The parties stipulated to the prior punishment evidence.
      The court's procedure complies with Warren v. State, 693 S.W.2d 414 (Tex. Crim. App.
1985); see also Turner v. State, 897 S.W.2d 786, 789 n.5 (Tex. Crim. App. 1995). We overrule
point five.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 3, 1998
Do not publish