NO. 07-06-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 26, 2007
_____

SIMON PARTIDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 50TH DISTRICT COURT OF COTTLE COUNTY;

NO. 2822; HONORABLE W. H. HEATLY, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Simon Partida, appeals from his conviction for aggravated assault of a public servant, and jury assessed punishment of confinement in the Texas Department of Criminal Justice–Institutional Division for 45 years. We affirm.

Background

During a "Father's Day" dinner in 2004, appellant consumed an extensive amount of alcohol and began arguing with his wife. At approximately 6:55 pm, appellant's wife ran

across the street to a neighbor's home in an agitated state requesting that someone call 911. As the call was being made, appellant stepped outside his door and fired a rifle up into the air. Chief of Police Robert McGuire answered the 911 call. As the Chief got out of his car and started toward the home of appellant, he heard a gunshot. The Chief then sought cover behind a car that was parked across the street from appellant's home. Another shot was fired, and the Chief heard a tire go flat on the car he was hiding behind. A deputy from the sheriff's office arrived on the scene and took cover behind the Chief's car. Subsequently, appellant surrendered to the deputy. After being taken to jail, appellant admitted to the deputy that he knew the Chief was across the street when he fired his rifle in his direction.

Upon the conclusion of the guilt-innocence phase of appellant's trial, the trial court charged the jury on the offense of aggravated assault of a public servant and the lesser included offense of deadly conduct by discharging a firearm at or in the direction of an individual, habitation, or vehicle. However, the trial court refused appellant's request to charge the jury on the misdemeanor charge of deadly conduct. After the jury convicted appellant of the charged offense of aggravated assault of a public servant, the jury heard evidence regarding appellant's prior felony conviction. However, while examining its third witness during the punishment stage of the trial, the State realized it had not read the enhancement portion of the indictment, nor had appellant pleaded to the enhancement portion of the indictment. Over appellant's objection, the trial court allowed the State to read the enhancement paragraph and accepted appellant's plea of not true to the enhancement paragraph. The jury returned a verdict of confinement for 45 years.

2

By six contentions, appellant presents three issues on appeal: 1) that the evidence was factually insufficient to prove the elements of the offense, 2) the trial court committed reversible error by refusing appellant's requested charge on the misdemeanor offense of deadly conduct, and 3) the trial court committed reversible error when it allowed the State to read the enhancement portion of the indictment after having received evidence from three witnesses and that procedure was a denial of due process and equal protection under the law.

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations if supported by the record and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant alleges that the evidence is factually insufficient as to two particular elements of the offense. First, whether appellant knew that the Chief was present when he fired the gun and secondly, whether appellant knew that the Chief was acting in his official capacity at the scene.

A review of the record reveals that every witness that testified stated the Chief was in his uniform of black pants, white shirt, and that he had a distinctive badge on the front of the shirt. Further, all witnesses testified that the Chief arrived in a gold colored car that was clearly marked as "Police." Additionally, one witness, Mr. Nipp, testified that he heard appellant using the word "nigger" after the shots were fired. The record reflects that the Chief is African-American. Also to be considered is the testimony of the deputy regarding appellant's admission that he knew the Chief was there when he fired his rifle in the Chief's direction. Upon considering all of the evidence in a neutral light, we cannot say that the jury was not rational in finding appellant guilty of the offense of aggravated assault of a public servant. Watson, 204 S.W.3d at 415.

Appellant's contention is that only Nipp's testimony shows that appellant knew that the Chief was present, and this testimony was contradicted by testimony of other witnesses. Even if appellant is factually correct, which the record indicates he is not, the jury has the responsibility of resolving conflicts in the testimony. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). If supported by the record, we must give deference to the findings of the jury. Watson, 204 S.W.3d at 417. By their verdict, the jury has rejected appellant's argument. Appellant's first issue is overruled.

Lesser Included Charge of Misdemeanor Deadly Conduct

Appellant's next issue contends that the trial court committed reversible error by not giving a lesser included charge on the offense of misdemeanor deadly conduct. The record reveals that the trial court gave a jury charge on aggravated assault of a public servant. TEX. PEN. CODE ANN. § 22.02 (Vernon Supp. 2004).[1] The court also gave a lesser included offense charge on deadly conduct, a third degree felony. § 22.05(b)(1), (2). However, appellant requested an additional charge on the lesser included offense of misdemeanor deadly conduct. § 22.05(a). The court refused this request.

Assuming without deciding that appellant was entitled to the requested instruction on misdemeanor deadly conduct, we must determine if the error was harmful. The standard of review for error in this particular matter is Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b). Therefore, to be reversible, the error must affect a substantial right of appellant. Id. An error affects a substantial right of appellant when the error has a substantial and injurious effect or influence in determining the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

A jury's failure to find appellant guilty of an intervening lesser included offense, i.e. an offense between the requested lesser included offense and the charged offense, may render the trial court's failure to give the requested charge harmless. Masterson v. State, 155 S.W.3d 167, 171 (Tex.Crim.App. 2005). The harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a

---

[1] Further reference to the Texas Penal Code will be by reference to § __.

5

greater offense in which the jury has reasonable doubt or releasing a person entirely from criminal liability. Id. An intervening lesser included offense is an available compromise, giving the jury the ability to hold a wrongdoer accountable without having to find him guilty of the charged (greater) offense. Id. A court can conclude that an intervening offense instruction renders a trial court's refusal to include a lesser included offense instruction harmless if the jury rejects the opportunity to convict a defendant of the intervening offense. Id. A jury's refusal to convict a defendant of the intervening offense legitimately indicates that the jury believed that the defendant was guilty of the greater, charged offense. Id. at 171-72.

In the case before us, the jury was charged on the intervening lesser included offense of deadly conduct, a third degree felony. Therefore, the jury had the ability to convict appellant of a lesser included offense had they any reservation about appellant's guilt of the greater, charged offense. The jury rejected this opportunity. Additionally, the record reveals that the jury was charged on a range of punishment of 15 years incarceration to life imprisonment if they found that the enhancement allegation was true. Rather than give the minimum of 15 years, the jury sentenced appellant to 45 years showing that the jury believed appellant was guilty of the greater offense instead of a lesser included offense. See Campos v. State, No. 05-05-00492-CR, 2006 WL 1461155, at *3 (Tex.App.–Dallas May 30, 2006, pet. ref'd) (not designated for publication) (jury's action in assessing punishment, more than the minimum sentence, is indicative of an intent to punish appellant for greater offense). Accordingly, we conclude that, if the trial court did

6

commit an error in refusing to include a lesser included offense charge for misdemeanor deadly conduct, any such error was harmless.

Irregular Presentment of an Enhancement Paragraph

Through three issues, appellant contends that the trial court committed reversible error by allowing the State to read the enhancement paragraph of the indictment after three witnesses had testified. The record reveals that, after the verdict of guilty was returned by the jury, the trial court recessed the jury until 9:00 a.m. the following morning. The trial court immediately began conducting the proceedings without either an announcement of ready by either party or a reading of the enhancement portion of the indictment by the State. The State proceeded to have two witnesses testify about appellant's reputation for being a "peaceable and law-abiding citizen." During direct examination of the third witness, the State realized that the enhancement portion of the indictment had not been read. The State immediately approached the bench and informed the court of the matter. The jury was retired and the matter discussed by the attorneys and the judge. Appellant objected to the State being allowed to read the enhancement portion of the indictment at that time. The objection was overruled, and the jury returned to the courtroom. The enhancement portion of the indictment was read, and appellant pleaded not true to the allegation. The State re-offered the previous testimony and completed the examination of the third witness.

Appellant candidly admits that he has not found cases on point, but suggests that Turner v. State be considered for the proposition that the reading of the enhancement

7

allegations and an appellant's plea thereto are mandatory.  <u>Turner v. State</u>, 897 S.W.2d 786, 789 (Tex.Crim.App. 1995).  The State, citing <u>Linton v. State</u> and <u>Hernandez v. State</u>, contends that the failure to read the enhancement paragraph before commencing testimony is subject to a harmless error analysis.  <u>Linton v. State</u>, 15 S.W.3d 615, 620 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd); <u>Hernandez v. State</u>, 190 S.W.3d 856, 868 (Tex.App.–Corpus Christi 2006, no pet.).

In <u>Turner</u>, the Court of Criminal Appeals considered whether the total failure to read the enhancement paragraph and the failure to ever require the defendant to enter a plea could be subject to a harmless error analysis.  The court decided that it could not be subject to a harmless error analysis and reversed the decision of the appellate court.  <u>Turner</u>, 897 S.W.2d at 789.  However, at footnote 5 of the opinion, the court noted that when the State discovers its failure to read the enhancement paragraph, the State can cure its error by reading the enhancement paragraph, having the defendant plead to it, and reintroducing the evidence.  <u>Id</u>. at 789 n.5, <u>citing</u> <u>Warren v. State</u>, 693 S.W.2d 414, 416 (Tex.Crim.App. 1985).  This is exactly what the State elected to do.  Accordingly, appellant's fourth, fifth and sixth issues are overruled.

Conclusion

Having overruled all of appellant's issues the judgment of the trial court is affirmed.


                                    Mackey K. Hancock
                                    Justice

Publish.

8