**Marvin Luther MARSHALL, Appellant**

v.

**The STATE of Texas.**

**No. PD–2016–04.**

Court of Criminal Appeals of Texas.

Feb. 15, 2006.

Judy R. Hodgkiss, Paris, for Appellant.

Betty Marshall, Asst. State Prosecuting Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

A jury convicted appellant of burglary of a habitation and sentenced him to forty-five years' imprisonment and a $10,000 fine. The court of appeals affirmed the conviction, but vacated the sentence and remanded to the trial court for a new trial on punishment. *Marshall v. State*, No. 06–03–00215–CR, 2004 WL 2715398 (Tex. App.-Texarkana, delivered December 1, 2004)(unpublished). We granted the State Prosecuting Attorney's petition for discretionary review and refused appellant's petition.

The indictment alleged burglary of a habitation with intent to commit theft but, significantly, contained no enhancement paragraphs. On April 17, 2003, the state filed a "Notice of Intent to Seek Enhanced Sentence as a Repeat Offender Pursuant to Texas Penal Code Sec. 12.42(b)." Section 12.42(b) describes enhancement of the penalty range for a second-degree felony to a first-degree penalty range if it is proved at trial that the defendant has one prior final felony conviction. The enhancement notice described two prior convictions from Oklahoma and listed dates of final adjudication of the convictions that were more than four years apart. The notice expressed the state's intention to ask that appellant be sentenced as a repeat offender in accordance with

§ 12.42(b), which would increase the penalty range from "a minimum of 2 years to 20 years imprisonment . . . and a fine not to exceed \$10,000.00" to "a minimum of 5 years and a maximum of 99 years/life" in prison.

On April 22, 2003, the state filed its "Notice of Intent to Introduce Evidence of Extraneous Offenses." This notice described five additional Oklahoma convictions, but did not include the dates of conviction. It also expressed the state's intention to introduce at trial evidence of those Oklahoma offenses and cited TEX. CODE CRIM. PROC., Article 37.07(3)(a) and (g), and Texas Rules of Criminal Evidence 404(b) and Rule 609(f).

The record reflects that none of the Oklahoma convictions were read to the jury until the punishment phase. After the sole punishment witness, the state's fingerprint expert, had testified and both parties had closed, the trial court said to defense counsel, "I'm going to enter a plea of not true as to each prior on behalf of your client. Is that correct?" Defense counsel responded, "That's correct, judge." The trial court then read the punishment charge to the jury.

The punishment jury charge that the trial court read to the jury instructed the jury that it was alleged that appellant "was two times duly and legally convicted of a felony, namely" the two Oklahoma convictions set out in the enhancement notice. Those two Oklahoma convictions were identified by district court, cause number, and date and offense of conviction. However, the names in the style of the cases included in the jury charge, "State of Oklahoma v. Marshall Michael Brown" and "State of Oklahoma v. Melvin B. Marshall," differed from Marvin Luther Marshall, appellant's name as listed in the enhancement notice.

The punishment charge instructed the jury that the punishment range for burglary of a habitation, enhanced by two prior felony convictions, "is confinement . . . for a period of not less than 25 years nor more than 99 years or life" and that, in addition, the jury may assess a fine not to exceed \$10,000. Such an enhancement of penalty range for habitual criminals with two prior felony convictions was authorized under TEXAS PENAL CODE Sec. 12.42(d), but was at odds with the state's notice of its intent to seek an enhanced penalty range for repeat offenders with one prior felony conviction pursuant to TEXAS PENAL CODE Sec. 12.42(b). The charge also instructed the jury that, if it found beyond a reasonable doubt that appellant previously had been two times duly and legally convicted of felonies, it would find the allegations "true" and assess the punishment at "imprisonment . . . for any term of not more than 99 years, or life, or less than 25 years" and a fine not to exceed \$10,000. The jury returned a verdict finding the two Oklahoma prior convictions "true" and assessed punishment at imprisonment for a term of 45 years and a \$10,000 fine.

On direct appeal, appellant raised several claims, including complaints about due process, ineffective assistance of counsel, failure to read the enhancement allegations and take appellant's plea as to those allegations at the beginning of the punishment phase, and jury-charge error. After addressing these claims, the court of appeals vacated appellant's sentence and remanded for a new punishment trial because it found that the evidence of the prior convictions was *procedurally* insufficient to support the enhancement of the sentence. Relying on *Welch v. State*, 645 S.W.2d 284 (Tex.Crim.App.1983), the court of appeals ruled that, because the only evidence in support of the prior convictions was introduced before both the reading of the enhancements to the jury and the tak-

ing of appellant's pleas as to those convictions, "no issue was joined." The state was required to either re-offer the evidence or obtain a stipulation from appellant. *Marshall, supra,* slip op. at 4. The court of appeals also found that the punishment jury charge was defective, that the failure to read the enhancement paragraph or take appellant's plea at the beginning of the punishment phase was error, and that appellant's trial counsel made errors during the punishment phase of trial. However, because it had already reversed on other grounds, the court of appeals did "not assess harm as to those items." *Id.* at 3. We granted the State Prosecuting Attorney's grounds for review.[1]

In its first ground for review, the state asserts that the court of appeals failed to address the issue of preservation of error. We observe that the court of appeals did indeed discuss Tex.R.App. P. 33.1(a)'s requirement of a specific trial objection being necessary to preserve error for appellate review. *Marshall, supra,* slip op. at 9–10. The court of appeals specifically overruled appellant's due-process points of error because appellant failed to object to the variance between the notice and jury charge and did not object to the jury charge with regard to the variance in penalty range. *Id.* at 10. Thus, the state's ground number one, that the court of appeals "erred in failing to address the issue of preservation of error," is overruled.

In its second ground for review, the state asserts that, in its sufficiency review, the court of appeals failed to consider all the evidence that supported enhancement. The court of appeals very specifically based its ruling on what it termed "*procedural* sufficiency," finding that, because the supporting evidence was introduced before the reading of the prior conviction allegations and the taking of appellant's plea, "no issue was joined." *Id.* at 4 (citing *Welch* at 285).[2] When evaluating a claim of legal or factual sufficiency, the reviewing court must consider all admitted evidence, but this defect arose from a trial error, rather than a true lack of evidence. Because sufficiency of the evidence was not the issue, consideration of all admitted evidence would not have changed the result. The state's second ground for review is overruled.

In its third ground for review, the state asserts that the court of appeals failed "to address the issue of whether any error was harmless." It argues that "[t]he failure to read the enhancement allegations and take [appellant]'s plea at the beginning of the punishment phase was error, ... but the error was not preserved for appellate review, it did not result in insufficient evidence, and it was harmless."[3]

---

1. In a case where the enhancement allegations were not read to the jury or the defendant's plea obtained until after the State's evidence supporting the allegations was introduced, the Court of Appeals erred in failing to address the issue of preservation of error.

2. In the same case, the Court of Appeals erred in failing to consider all the evidence actually admitted at trial in its review of the sufficiency of the evidence supporting the enhancement of the defendant's sentence.

3. In the same case, the Court of Appeals erred in failing to address the issue of whether any error was harmless.

2. In *Welch,* this court "found trial error, not insufficient evidence." 645 S.W.2d at 286.

3. The state points out that at no time during trial did appellant complain about the failure to read the enhancement allegations to the jury and obtain his plea or the jury's consideration of the state's evidence, which was introduced before the enhancement allegations were read and his plea obtained. The state also notes that appellant did not object to the failure to read the enhancement allegations when his plea was tardily obtained or to the jury charge instructing the jury that he was

Appellant argues that the enhancement allegations were never read to the jury during the evidentiary portion of the punishment phase, but rather, after the close of evidence, the trial court stated that it was entering a plea of not true. He asserts that "the entire omission of the reading of an indictment and obtaining a plea thereto is 'structural error' not subject to a harm analysis." Appellant also cites *Turner v. State*, 897 S.W.2d 786, 788–89 (Tex. Crim.App.1995), in which we reaffirmed the principle of prior holdings that the reading of enhancement paragraphs at the penalty stage and entering a plea are mandatory and held that the error in not doing so is reversible because a harm analysis is inapplicable to such error. *Id.* at 789. Appellant argues that *Turner* is still good law and dispositive.

Just as a defense counsel has a strategy, so has a prosecutor. Among the available strategies for the state is an election not to pursue enhancements. If the enhancements are in the indictment and the state does not abandon them, the defendant is on notice that the state is still seeking a greater penalty range. Here, however, the notice of intent to seek a greater penalty was in a separate document of a kind not usually read to a jury. In such circumstances, the failure to read enhancement allegations does not put a defendant on notice that the proceedings may have gone amiss and thus no objection is required. Likewise, a failure to take a plea from a defendant at that time raises no alarms as there are no allegations to which to plead.

During the punishment phase of trial, the state introduced evidence of a number of prior convictions, but again, no alarms would be raised because the state had given notice of its intent to introduce extraneous offenses, a term that may include offenses that might otherwise be used for enhancement of penalties. Again, appellant was not required to object, as he still had no notice that the proceedings may have gone amiss. However, when the jury charge was read and it became abundantly clear that the state was asking for enhancement far beyond that specified in its notice to appellant, appellant was bound to object. We observe that appellant had a "reasonable time to examine" the charge of the court before the charge was read to the jury. TEX.CODE CRIM. PROC., Article 36.14. He was then aware that the trial court proposed to submit an issue of fact that, in his view, had not been pleaded properly, i.e. the enhancement allegations that had not been included within the indictment or timely read to the jury. At that point, appellant should have objected, but he did not.

Because appellant failed to object to the alleged error in the jury charge, he must show egregious harm before relief may be granted. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We sustain the state's third ground for review and remand the cause to the court of appeals so that the court may perform a harm analysis pursuant to *Almanza.*

alleged to have twice before been convicted of a felony and that he had plead "not true." The state asserts that, had appellant objected, "the error could easily have been cured, either by reading the enhancement allegations and taking his plea before the State's evidence was introduced or by allowing the State to reoffer its evidence after the allegations were read and the plea taken."