Lessel MEREDITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–05–00175–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 31, 2006.

Decided April 4, 2006.

Tim Cone, Gilmer, for appellant.

William M. Jennings, Dist. Atty., Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

On May 31, 2005, Lessel Meredith pled guilty to the offense of delivery of cocaine in the amount of one gram or more but less than four grams, a second-degree felony, *see* Tex. Health & Safety Code Ann. § 481.112(a), (c) (Vernon 2003), and submitted the issue of punishment to the trial court.[1] The punishment range for a second-degree felony includes imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. Tex. Pen.Code Ann. § 12.33 (Vernon 2003). The indictment contained no enhancement paragraphs. However, before trial, the State filed a notice of intent to seek an enhanced punishment,[2] alleging Meredith had been previously convicted of a felony offense. *See* Tex. Pen.Code Ann. § 12.42(b) (Vernon Supp.2005). The trial court assessed Meredith's punishment at thirty-five years' imprisonment. Meredith now appeals raising two points of error. We affirm.

■ In his first point of error, Meredith contends the trial court erred by finding the punishment enhancement allegation to be "true" without first asking him to enter a plea to the allegation. The record shows the trial court never asked Meredith or his trial counsel to enter a plea regarding the State's punishment enhancement allegation.[3] The trial court's written admonishments did not specifically note that Meredith's punishment range might be increased if the punishment allegation was found to be true, nor did Mere-

dith's written waiver of rights include a written plea regarding the State's punishment enhancement allegation. During the plea proceeding, however, the State informed the trial court that the State would be dismissing a third felony case in exchange for Meredith's guilty pleas "to the two second degrees that are once enhanced...." Meredith did not object to this statement. And, when the trial court pronounced sentence, Meredith did not raise any objection that the court's thirty-five-year sentence was illegal or outside the proper range of punishment.

Last month, the Texas Court of Criminal Appeals received a somewhat similar case in *Marshall v. State*, 185 S.W.3d 899 (Tex.Crim.App., 2006). There, the indictment contained no punishment enhancement allegations, but the State had filed a pretrial notice of intent to seek an enhanced punishment pursuant to Section 12.42 of the Texas Penal Code. *See* Tex. Pen.Code Ann. § 12.42 (Vernon Supp. 2005); *Marshall*, at 901. During the punishment trial, the trial court did not ask Marshall to plead to the enhancement charges; the trial court did, however, enter a "not true" plea on Marshall's behalf. *Marshall*, at 903. On appeal, Marshall argued the trial court erred by failing to read the enhancement allegations and obtain his plea thereto. The *Marshall* court noted that the defendant could—and should—have objected to the procedural error once it became clear the trial court would allow the State to seek punishment under the enhanced range. *Id.* at 903.

---

1. Meredith also pled guilty in a companion case, now on appeal in cause number 06–05–00176–CR. We have addressed the issues raised in that case by way of separate opinion issued today.

2. This style of notice pleading for punishment enhancements—without first seeking approval from the grand jury—has been expressly ap-

proved by the Texas Court of Criminal Appeals. *Brooks v. State*, 957 S.W.2d 30 (Tex. Crim.App.1997).

3. To its general credit, the State concedes this fact in the first sentence of the argument portion of its appellate brief.

Because Marshall failed to object, the trial court's error (in failing to ask Marshall to enter a formal plea) did not result in automatic reversal; instead, further harm analysis was required. *Id.* at 903.

If prior convictions are alleged by the State for punishment enhancement purposes, the proper procedure is for the trial court to ask the accused to enter a formal plea to those allegations during the punishment trial. TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.2005). In the case now on appeal, the trial court erred by not asking Meredith to enter a plea regarding the State's punishment enhancement allegations. Meredith has not alleged this error is of constitutional dimension, and we believe it is properly characterized as a procedural violation of a statutory provision. Therefore, because the error is nonconstitutional, we must ignore it unless the error affected Meredith's substantial rights. *See* TEX.R.APP. P. 44.2(b).

■ At Meredith's initial plea, the State informed the trial court that the State would (1) agree to waive its right to a jury trial, (2) allow Meredith to plead guilty to the second-degree charges that are once enhanced and submit the issue of punishment to the trial court, and (3) dismiss a third charge, all in exchange for Meredith's guilty plea to the second-degree charges that were enhanced to first-degree punishment. Meredith did not raise any objection to this statement by the State. During that process, the trial court asked the parties what the punishment range was in these cases. The State answered, "First degree felonies." Again, Meredith did not object. The trial court then directly asked Meredith if he understood that the applicable punishment range was between five and ninety-nine years, or life. Meredith responded affirmatively. Later, during subsequent admonishments, the tri-

al court again admonished Meredith that the punishment range was enhanced and asked Meredith whether he understood the applicable punishment range was that of a first-degree felony and explained that a first-degree felony involved a punishment range from five to ninety-nine years, or life. Again, Meredith responded affirmatively. At the conclusion of the guilty plea hearing, a stipulation of evidence was offered consisting of the certified copies of the indictment, judgment granting community supervision, and judgment revoking community supervision regarding the enhancement allegation.

During its punishment argument, the State asked the trial court to sentence Meredith to "at least 40 years" based on Meredith's past criminal behavior, the enhanced punishment range available under the current charge. Meredith acknowledged he had been previously convicted on five felony offenses and did not object that the State's argument reflected an illegal or unauthorized sentence. When the court announced a thirty-five-year sentence, Meredith did not object or question the propriety of being sentenced in the punishment range provided for first-degree felonies, nor did he otherwise present any claim that the trial court's failure to obtain his plea otherwise deprived him of any proper notice that he faced the enhanced punishment.

On the record before us, we cannot say the trial court's procedural error under Article 36.01(a)(1) affected Meredith's substantial rights. The record clearly shows he knew he was facing a punishment range enhanced to include a range between five years and ninety-nine years, or life. We, therefore, overrule Meredith's first point of error.

■ In his second point of error, Meredith contends the trial court erred by considering how parole law might affect the

time Meredith ultimately spent in prison. Before deciding what sentence to impose, the trial court asked the State, "What percentage of that time [of the prosecutor's forty-year recommended sentence] would [Meredith] serve before he's eligible for parole, Mr. Larison, as it goes now?" Meredith relies on Tex.Code Crim. Proc. Ann. art. 37.07, Section 4 (Vernon Supp. 2005), for the proposition that the trial court erred in considering how parole might apply to Meredith's actual term of incarceration. Article 37.07, Section 4, of the Texas Code of Criminal Procedure provides:

(b) In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense is punishable as a felony of the first degree, if a prior conviction has been alleged for enhancement of punishment as provided by Section 12.42(b), (c), or (d), Penal Code, or if the offense is a felony not designated as a capital felony or a felony of the first, second, or third degree and the maximum term of imprisonment that may be imposed for the offense is longer than 60 years, unless the offense of which the jury has found the defendant guilty is listed in Section 3g(a)(1), Article 42.12, of this code or the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, of this code, the court shall charge the jury in writing as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Tex.Code Crim. Proc. Ann. art. 37.07, § 4(b) (emphasis added).

The plain language of Article 37.07, Section 4, limits its application to cases submitted to a jury for punishment. Meredith has not directed our attention to any law in which our Legislature has expressly precluded a trial court from considering parole when punishment is submitted to the trial court's discretion. And in making his argument on this issue, Meredith has cited only two cases from other courts—cases Meredith contends support his argument that Article 37.07, Section 4, should apply in punishment trials to the bench.

First cited is *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984). *Sneed* involved review of a *jury's* assessment of punishment. *Sneed* is, therefore, inapplicable to the case at bar. Next cited is *Littlepage v. State*, No. 11–03–00217–CR, 2005 WL 1828731, at *1, 2005 Tex.App. LEXIS 6088, at *2 (Tex.App.-Eastland Aug.4, 2005, pet. ref'd) (not designated for publication), for the proposition that a trial court shall not consider parole in assessing punishment. In *Littlepage*, the Eleventh Court of Appeals held the evidentiary record did not support the appellant's claim that the trial court considered the application of parole in deciding to assess a higher sentence. *Id.* at *1. That court, however, neither stated nor suggested Article 37.07, Section 4, prohibits trial courts from considering parole in assessing a sentence. Thus, *Littlepage* provides no guidance.

Until the Texas Legislature forbids trial courts from considering parole in trials to the court, *vis-a-vis* Section 4 of Article 37.07, or until the Texas Court of Criminal Appeals concludes Article 37.07, Section 4, imposes such a restriction on trial courts, we are not inclined to rewrite the plain language of a statute that clearly says it applies only to jury-assessed punishments. Accordingly, we overrule Meredith's second point of error.

Finally, we note that the trial court's judgment reflects Meredith pled "true" to the State's punishment enhancement allegations. As discussed above, the record before us shows Meredith did not enter any plea to the punishment enhancement provision. Accordingly, we reform the trial court's judgment to reflect that Meredith did *not* plead "true" to that enhancement.

As reformed, we affirm the trial court's judgment.

Concurring Opinion by Justice ROSS.

DONALD R. ROSS, Justice, concurring.

I agree with the majority's disposition of this case. I write separately because I feel the majority opinion encourages trial courts to do what Article 37.07, Section 4, prohibits juries from doing: speculating about how the parole law will be applied to a particular defendant.

Immediately after the trial court inquired of State's counsel about what percentage of the recommended forty years' imprisonment Meredith would have to serve before becoming eligible for parole, there was a confusing colloquy between the trial court and State's counsel about the answer, based on how long another defendant in another case had served before making parole. This kind of rank speculation was inappropriate.

I agree that trial courts have broad discretion in assessing punishment and, like jurors, "may consider the existence of the parole law and good conduct time." However, I believe the other admonitions in Article 37.07, Section 4, of the Code of Criminal Procedure that:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

and

> [Y]ou are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

are equally applicable to trial courts as they are to jurors. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4 (Vernon Supp. 2005). A legislative act or decision by the

Texas Court of Criminal Appeals is not needed to tell us this is true. Even though these admonitions are set in the context of a jury verdict, I think the Legislature's intent is apparent in these admonitions that speculation concerning the application of the parole law to a particular defendant is prohibited, whether it be by the judge or the jury.

Although the trial court in this case invited such speculation, the record shows that the trial court assessed Meredith's punishment based more on his criminal history than on any consideration of the parole law. For this reason, I concur in the result.