Affirmed and Memorandum Opinion filed September 26, 2006








Affirmed and Memorandum Opinion filed September 26, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00018-CR

____________

 

WILLIE THOMAS FLOWERS, III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 959,089

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Willie Thomas Flowers, III, was charged by indictment with aggravated robbery,
enhanced by two prior felony convictions.  In appellant=s sole point of error, he seeks a new
punishment hearing on grounds he did not plead true to either enhancement
allegation and the trial court made no findings on the enhancements.  We
affirm.








Appellant pled guilty to aggravated
robbery before a jury, which returned a guilty verdict.  The court delayed
proceedings pending completion of a presentence investigation (APSI@) report.  At the beginning of the
PSI hearing, the court, apparently mistaken, stated appellant had previously
entered pleas of Atrue@ to both enhancement offenses.  The court said it had
accepted those pleas, but had not made any findings.  Neither the State nor the
defense corrected these statements.  In fact, while attempting to explain
appellant=s corrections to the PSI report, appellant=s attorney stated appellant was Anot claiming his innocence but rather
explaining to the Court specifically why he had pled true and guilty in this
cause.@  The State
presented evidence on the issue of punishment, including two pen packets
showing appellant=s previous felony convictions.  In
closing, the defense clearly stated there was Ano question@ appellant=s prior
convictions were admitted into evidence.  In turn, the State argued appellant
has two prior felony convictions that increase his punishment range from 25
years to life (without enhancement, appellant=s possible
sentence would fall between 5 and 99 years).  The judge sentenced appellant to
50 years, commenting that:

I have probably in 12 years yet to see somebody on
bond for a very serious offense with an ankle monitor admit to the very same
offense.  It is hard to overlook that, Mr. Flowers, as I suspect it would have
been difficult for a jury to overlook at punishment.  

And just as an
aside, I have every belief that a jury may well have given you a life sentence
on this matter.

Although the judgment reflects appellant pled Atrue@ and the court
entered a finding of Atrue@ as to both prior
felony convictions, the reporter=s record contains
no plea to the enhancements or any oral, judicial acceptance of such plea.








In his sole point of error, appellant claims the trial
court erred by failing to obtain his plea to the enhancements or to enter a
finding on the enhancements.  This Court has previously held:  AIn cases where the
penalty stage of a bifurcated trial is to be held before the court alone, there
is no requirement that the court read the enhancement portions of the
indictment and receive the defendant=s plea.@[1]  Dickson v.
State, No. 14-95-01396-CR, 1997 WL 539545, at *1 (Tex. App.CHouston [14th
Dist.] Sept. 4, 1997, pet. ref=d) (not designated for publication)
(citing Reed v. State, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973))
(explaining reading of enhancements and receiving plea is not mandatory at
penalty stage to trial court, but is the better practice); see also Simms v.
State, 848 S.W.2d
754, 755 (Tex. App.CHouston [1st Dist.] 1993, writ ref=d) (holding that
where trial judge assess punishment, it was not necessary for the State to read
the enhancement paragraphs, and the appellant did not have to plead to them). 
But while the trial court did not commit reversible error in failing to receive
appellant=s plea to the enhancement allegations, we must decide
whether the trial court=s erroneous assumption that appellant had
entered a plea of true constitutes reversible error.

The general rule is that a plea of true to an enhancement
paragraph relieves the State of its burden to prove a prior conviction alleged
for enhancement and forfeits the defendant=s right to appeal
the insufficiency of evidence to prove the prior conviction.  Ex parte Rich,
194 S.W.3d 508, 513  (Tex. Crim. App. 2006).  Here, the State offered
penitentiary records to support the court=s finding of true,
but we cannot discern from the record whether the trial judge found the
enhancement allegations to be true based on the State=s evidence or his
mistaken notion that appellant had previously entered a plea of true.  However,
a defendant=s attorney is authorized to enter a plea of Atrue@ to enhancement
allegations when his client is present in the courtroom.  Tindel v. State,
830 S.W.2d 135, 136B37 (Tex. Crim. App. 1992).  Moreover, a
plea of Atrue@ to enhancement
allegations constitutes evidence.  Id. at 137.








 Here, appellant=s trial counsel,
in appellant=s presence, told the trial court that his client had
entered a plea of true to the enhancement allegations.  Appellant neither
objected nor corrected his attorney.  Further, the trial court and the parties
all believed that appellant had entered a plea of true, and they all treated
appellant=s Aplea@ as if it were in
evidence.  Where the trial court and the parties, without objection, treat
certain proof as if it had been admitted in evidence, it is not error for the
court to consider the same in reaching its verdict.[2]

 Accordingly, we find no error rising to the level of
reversible error due to the trial court=s failure to
receive appellant=s plea or the court=s erroneous assumption
that appellant had previously entered a plea of true.  The trial court=s judgment is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 26, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 









[1]  In a recent Texas opinion, the trial court=s failure to ask defendant to formally plead to enhancement
allegations during the punishment phase was considered procedural error.  Meredith
v. State, 189 S.W.3d 395, 397 (Tex. App._Texarkana
2006, pet. filed).  To the extent Meredith applies to this case, we
decline to follow its analysis. 





[2]  See Ex parte Reagan, 549 S.W.2d 204, 205
(Tex. Crim. App. 1977) (affirming where court and parties treated governor's
warrant in habeas corpus hearing as if admitted into evidence);  Killion v.
State, 503 S.W.2d 765, 765B66 (Tex. Crim.
App. 1973) (reviewing court permitted to consider defendant's stipulations to
charged offenses where considered by trial court in adjudicating guilt for
theft and burglary, although written stipulations not formally admitted into
evidence);  Richardson v. State, 475 S.W.2d 932, 932B33 (Tex. Crim. App. 1972) (finding that record showed
court admitted exhibits to support adjudication of guilt for burglary even
though court did not specifically state that exhibits were admitted into
evidence);  Lara v. State, 962 S.W.2d 148, 151 (Tex. App.CSan Antonio 1998, no pet.) (treating stipulations as
admitted into evidence because the court considered them).