Affirmed and Memorandum Opinion
filed December 16, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00868-CR
NO. 14-09-00869-CR



Arrington Floyd
Burley, Appellant 

v.

The State of Texas,
Appellee 



On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause Nos. 1169232, 1169233



 

MEMORANDUM OPINION 

A jury convicted appellant Arrington Floyd Burley of aggravated
kidnapping and aggravated robbery with a deadly weapon and assessed punishment
at 15 years’ confinement for the kidnapping and 20 years’ confinement for the
robbery with sentences to run concurrently.  Appellant’s sentence was enhanced
by a single prior felony conviction, and he now challenges his sentence on the
ground that the enhancement allegations in the indictments were not read to the
jury and he did not enter a plea to the enhancement paragraphs prior to
sentencing.  We affirm.

Background

Appellant was indicted
for the aggravated kidnapping and aggravated robbery of Alfredo Gonzalez.  Each
indictment contained an enhancement paragraph alleging that appellant was
previously convicted of the felony of robbery.  After voir dire and outside the
presence of the jury, appellant pleaded not guilty to the two offenses charged
in the indictments, but the reporter’s record does not reflect that he pleaded
to the enhancement allegations at that time.

The indictments were also read to the jury, and appellant
pleaded not guilty in open court.  The jury ultimately rendered a verdict of
guilty on both counts.  Prior to the punishment phase of the trial, appellant
and the State entered into a written “stipulation of evidence.”  In the
stipulation, appellant waived his rights to appear, confront witnesses, and
cross-examine witnesses, and he admitted that he was the same person convicted
of two prior felonies and a misdemeanor.  One of the felonies he stipulated to
was the same felony of robbery alleged in the indictment for enhancement
purposes.

Outside the presence of the jury, the court recited
the basic terms of the stipulation to the defendant.  In particular, the court
stated that appellant “purports to stipulate that he is the same Arrington
Burley that was convicted of the felony offense of robbery in the 183rd
District Court on May 12, 2006, as alleged in the enhancement paragraph.” 
Appellant acknowledged that this was his stipulation, he signed it, and he
entered into it freely.  The court further warned appellant: “Now, you
understand that you have the right to have the State put on evidence to
actually prove up that these prior convictions are you  with the use of a
fingerprint expert and so forth.  Is it your desire not to do that and just let
them prove it up on this paperwork evidence?”  Appellant responded
affirmatively.  The court then announced that the stipulation was entered into
freely and voluntarily, and the court approved it to be offered into evidence.

The jury was brought into the courtroom, and the
State offered the stipulation into evidence.  The court asked if appellant
objected, and appellant’s counsel did not object.  The State then read the
stipulation to the jury and rested.  Appellant presented no evidence and
rested, and the jury was excused.  The reporter’s record does not reflect that
the enhancement allegations were read to the jury, nor does it reflect that
appellant pleaded “true” or “untrue” to the allegations prior to the jury’s
excusal.  The court then asked if there were any objections to the jury charge,
and appellant’s counsel said no.

Appellant’s counsel, in closing remarks to the jury,
acknowledged that “we have pled true” to the stipulation.  While discussing the
punishment range for the robbery conviction, counsel explained: “Because that
has been pled true to, . . . and you know that he has an enhancement, the range
of punishment . . . gets moved up.  The range of punishment is 15 to life.” 
Again, while addressing the “safe release” provision of the kidnapping charge,
counsel explained the range of punishment would be five to life “because
there’s an enhancement.”

The docket in this case states that the defendant pleaded
true to the stipulation of evidence.  The jury charges state that the
indictments included an enhancement for the felony of robbery, and “[t]o this
allegation in the enhancement paragraph of the indictment the defendant has
pleaded ‘True’.  You are instructed that you are to find ‘True’ the allegations
of the enhancement paragraph of the indictment.”  Finally, the court’s
judgments for the kidnapping and robbery convictions both state that appellant
pleaded true to the enhancement allegations.

Appellant did not argue in the trial court that he
did not plead true to the enhancement allegations or that the allegations were
not read to the jury.  He did not file a motion for new trial, a bill of
exception, or a motion to arrest judgment.  This appeal followed.

Analysis

Article 36.01 of the
Texas Code of Criminal Procedure sets out the basic procedures for a trial
before a jury.  The prosecuting attorney must read the indictment or
information to the jury, and the defendant’s plea must be stated.  Tex. Code Crim. Proc. Ann. art. 36.01(a)(1)–(2)
(West 2007).  When prior convictions are alleged for purposes of enhancing the
sentence, that portion of the indictment or information should not be read to
the jury until the hearing on punishment is held.  Id. art. 36.01(a)(1);
Cox v. State, 422 S.W.2d 929, 930 (Tex. Crim. App. 1968).  The reading
of the indictment is mandatory, and when there is no plea to the indictment,
then no issue is joined upon which to try the defendant.  Turner v. State,
897 S.W.2d 786, 788 (Tex. Crim. App. 1995) (citing Warren v. State, 693
S.W.2d 414, 415 (Tex. Crim. App. 1985)).  If an issue is not joined, then any
evidence presented on the matter is “not properly before the jury.”  Welch
v. State, 645 S.W.2d 284, 285 (Tex. Crim. App. 1983).  This rule applies
with equal force to the reading of and pleading to enhancement allegations at
the penalty phase of a trial before a jury.  Turner, 897 S.W.2d at 788; Welch,
645 S.W.2d at 285; Linton v. State, 15 S.W.3d 615, 620 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d).

Appellant argues for the first time on appeal that
the failure to read the enhancement allegations to the jury and to take his
plea on the allegations is reversible error.  By failing to raise this issue in
the trial court, appellant has not preserved error for our review.  See Marshall
v. State, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006) (explaining that a
defendant must object when he has “notice that the proceedings may have gone
amiss,” and he has this notice when he learns that the State is seeking a
higher penalty despite the enhancement allegations not being read to the jury,
and a defendant learns that the State is seeking a higher penalty when
enhancement allegations are contained in the indictment); Warren, 693
S.W.2d at 416 (explaining that the error of failing to read and plead to
enhancement allegations “can be preserved by means of a motion for new
trial, bill of exception, or motion to arrest judgment” (emphasis added)); Lee
v. State, 239 S.W.3d 873, 876–77 (Tex. App.—Waco 2007, pet. ref’d) (holding
that the defendant failed to preserve error by not raising the error in the
trial court when the indictment was not read to the jury and the defendant did
not enter a plea); Mendez v. State, 212 S.W.3d 382, 388 (Tex.
App.—Austin 2006, pet. ref’d) (holding that the defendant’s “objection at any
point during the penalty stage [was] sufficient to preserve the error” of not
reading the enhancement allegations and taking the defendant’s plea); see
also Tex. R. App. P. 33.1.[1]

Further, Rule 44.2(c) of the Texas Rules of Appellate
Procedure requires us to presume “that the defendant pleaded to the indictment
or other charging instrument” unless the issue was “disputed in the trial
court, or unless the record affirmatively shows to the contrary.”  Tex. R. App. P. 44.2(c)(4); see also
Sharp v. State, 707 S.W.2d 611, 616 (Tex. Crim. App. 1986) (presuming the
appellant pleaded to the indictment because the appellant’s motion for new
trial failed to present any evidence that the indictment was not read or a plea
not taken, and the judgment and the docket sheet showed that the indictment was
read and the appellant pleaded to it).  The presumption created by Rule 44.2(c)
applies to a defendant’s plea to enhancement allegations contained in an
indictment.  See Warren, 693 S.W.2d at 415; Hunt v. State, 994
S.W.2d 206, 211 (Tex. App.—Texarkana 1999, pet. ref’d); Turner v. State,
860 S.W.2d 147, 150 (Tex. App.—Austin 1993), rev’d on other grounds, 897
S.W.2d 786 (Tex. Crim. App. 1995).  In Warren, the record affirmatively
showed that no plea was taken because “the charge did not recite that appellant
entered a plea to the enhancement allegations and the recitation in the
judgment that the enhancement allegations were read and appellant pleaded thereto
was crossed out.”  693 S.W.2d at 416

Unlike in Warren, the jury charges on
punishment in this case state that appellant pleaded true to the enhancement
allegations.  The judgments also indicate that appellant pleaded true to the
enhancements, and so does the docket sheet.  Appellant’s trial counsel even
said to the jury in open court that appellant pleaded true to the enhancements. 
There is no affirmative showing in the record that appellant did not plead to
the enhancements.  See Hunt, 994 S.W.2d at 211 (“Silence in the
record does not amount to an affirmative showing.” (quotation omitted)).  Accordingly,
we must presume that appellant pleaded to the enhancement allegations.

We further conclude that any error in not reading the
indictment to the jury was harmless.  See Tex. R. App. P. 44.2(b).  A non-constitutional error must be
ignored unless it affects a substantial right.  Id.  In Turner,
the Court of Criminal Appeals explained that failing to read the enhancement
paragraphs of an indictment and not taking the defendant’s plea was harmful
because it could “mislead a defendant into believing the State has abandoned
the enhancement paragraphs,” which could cause the defendant to incriminate
himself.  897 S.W.2d at 789.  In Linton, we recognized that the harmless
error rule applies to the failure to read and plead to enhancement allegations,
and we held that no harm results when a defendant is not misled into believing that
the State abandoned the allegations and the defendant does not incriminate
himself.  15 S.W.3d at 620–21.[2]

Here, appellant entered into a written stipulation
agreeing that he was the same person convicted of the felony offense of
robbery, and the trial court explained to appellant before accepting the
stipulation that this robbery conviction was the same one alleged in the
enhancement paragraphs.  Thus, appellant was on notice that the State had not
abandoned the enhancements.  Appellant did not take the witness stand or offer
any evidence at sentencing—he did not incriminate himself.  Finally,
appellant’s counsel repeatedly said to the jury that appellant pleaded true to
the enhancements and that the penalty would increase accordingly.  Under these
facts, we cannot say that the failure to read the enhancement paragraphs impaired
a substantial right.

Appellant’s issue is
overruled, and we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Mirabal.*

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
But see Turner, 897 S.W.2d at 787 (“[T]he Court of Appeals
addressed the merits of the issue because ‘reading of the charging instrument
is a right that must be implemented in the absence of an express waiver.’”
(quoting Turner v. State, 860 S.W.2d 147, 150–51 (Tex. App.—Austin
1993))); Essary v. State, 53 Tex. Crim. 596, 604, 111 S.W. 927, 931
(1908) (“[I]n a case where [the indictment has not been read to the jury,] the
burden rests upon the state to show such conduct and acts upon the part of the
defendant as may, in fairness, be treated and regarded as a waiver.”); Irvin
v. State, No. 14-93-00922-CR, 1995 WL 704733, at *1 (Tex. App.—Houston
[14th Dist.] Nov. 30, 1995, pet. ref’d) (not designated for publication)
(holding that the appellant could complain for the first time on appeal that
enhancement allegations were not read to the jury).





[2]
But see Mendez v. State, 212 S.W.3d 382, 389 (Tex. App.—Austin 2006,
pet. ref’d) (holding that the error was harmful because there was no other
properly admitted evidence before the jury that would allow for a finding that
the enhancement allegations were true); Braun v. State, No. 2-08130-CR,
2009 WL 579299, at *3 (Tex. App.—Fort Worth Mar. 5, 2009, pet. ref’d) (mem.
op., not designated for publication) (same).





*
Senior Justice Margaret Garner Mirabal sitting by assignment.