**Affirmed and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00782-CR

**SHAWNE PHILLIP MCCREARY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 92057-CR**

## MEMORANDUM OPINION

In two issues, appellant Shawne Phillip McCreary appeals his conviction complaining that first, the trial court abused its discretion in denying his motion to suppress, and second, the court's six-year prison sentence violated assorted due process rights. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2021, appellant, was indicted for state jail felony-enhanced

possession of a controlled substance. Before his trial he moved to suppress evidence obtained at the time of his arrest on the grounds that his arrest had been performed illegally.

*Hearing on Motion to Suppress*

At the suppression hearing, the trial court considered evidence from the arresting officer, Sergeant Joshua Cosme, who testified about the circumstances of the arrest, as well as videos from Cosme's dash cam and body cam taken on the night of the arrest. Cosme testified that he stopped appellant on January 12, 2021 while on patrol, and confirmed that the body camera presented a fair and accurate description of the events.

The video begins with Cosme in his vehicle reporting the license plate of appellant's vehicle. After stopping appellant's vehicle and approaching appellant, Cosme is heard on the video explaining to appellant that he stopped him because he made a wide right turn and failed to stop at a designated stopping point. Cosme also noted that he ran the license plate through the system which indicated a warrant had been issued for the owner of the vehicle. Cosme then asks appellant to exit the vehicle and pats down appellant.

Cosme explained that he waited for confirmation that appellant's warrant was active to perform the arrest and search. He testified that he heard confirmation over the radio:

> Lake Jackson confirmed -- they called out "William" over the radio, which is our code for warrant; and at that point I placed him under custody. I just didn't verbalize it to him at that time.

Cosme testified that once appellant's warrant was confirmed to be active, he placed appellant under arrest and searched his pockets. At that point, Cosme discovered methamphetamine in appellant's pocket. Cosme then placed appellant

2

in the back of his patrol car while he searched the interior of appellant's vehicle, where he found a marihuana cigarette. The trial court reopened evidence during the hearing to replay the videos, and after watching the video again ultimately denied appellant's motion.

Appellant pleaded not guilty and his case proceeded to jury trial. At the conclusion of trial, the Brazoria County jury found appellant guilty of possession of a controlled substance.

*Punishment Hearing*

Upon appellant's election, the trial judge assessed punishment, and appellant pled true to two enhancements, which raised the applicable punishment range from a state jail felony to a third-degree felony; thus, appellant faced a maximum possible confinement term of 10 years. *See* Tex. Penal Code §§ 12.34, 12.35(a), 12.425(b).[1] Neither side presented any witness or offered any other evidence at the punishment hearing. The attorneys gave brief closing arguments: the State asked that the sentence reflect that appellant was a repeat offender and had not taken responsibility; appellant's counsel asked the court to take into account appellant's "health conditions" (a factor for which there had been no further details in the record); and neither side requested a specific sentence. The trial court then pronounced the sentence as follows:

> THE COURT: Court does find each of the enhancement paragraphs to which you pled "true" to be true, find those pleas were freely and voluntarily made and will find you guilty -- will confirm the jury's finding of guilt in this matter in regard to possession of a controlled substance. And I'll sentence you to serve six years' confinement in the

---

[1] The enhancements were based on two prior convictions for possession of a controlled substance and possession of a controlled substance with intent to deliver. Tex. Health & Safety Code §§ 481.102(6), 481.115(a), (b).

Texas Department of Criminal Justice.

Several reasons why I picked six years. First of all, the way the good time works and parole works, your eligibility is a fourth of that. With good time, it could be less. But here's the deal: When you go to TDC, you have two options. You're either going to be one of those inmates that's scrounging around all the time trying to get drugs and always getting in trouble for it or you're going to be one of those inmates that decides this is enough and I'm going to get some help and you'll enroll in some substance abuse classes. That choice is up to you.

If you choose to get some help, that's going to put you out a lot faster and make you much more successful when you get out. But to continue a life the way you've been living it is not going to get you anywhere, and you're too young to keep throwing it away. So I hope that by putting you in a situation where you have to make those choices and you're stuck there –

THE DEFENDANT: I don't even know if I'll make it out of there.

THE COURT: -- you'll make better choices.

THE DEFENDANT: I have testicular cancer and I also --

THE COURT: You didn't testify. I don't have anything before me that tells me any of that.

THE DEFENDANT: Yes, ma'am.

THE COURT: Anyway, there's some paperwork that has to be done. Be seated, and we'll get that done.

THE DEFENDANT: There's no way I'll be able to get my affairs in order --

THE COURT: We'll talk about that -- no, I'm not going to let you out. But I think you're entitled to an appeal bond, and I will set one.

Consistent with its oral pronouncement, the trial court subsequently issued its judgment sentencing appellant to six years confinement with no fine. This appeal followed.[2]

---

[2] The record of post-judgment activity includes a letter from appellant to the trial judge complaining of his counsel's effectiveness at trial, his complaint that the video used at trial was altered, and questions about the use of his prior convictions as enhancements based on his understanding of plea deals. No motion for new trial was filed.

4

## II. SUPPRESSION OF EVIDENCE

In his first issue, appellant complains that the trial court erred by denying his motion to suppress the evidence obtained as a result of what he contended was an illegal search incident to an illegal arrest. Specifically, appellant contends that his arresting officer began executing warrants for his arrest prematurely, before having verified the warrants.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *See Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). At a motion-to-suppress hearing, the trial court is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony. *See id.* at 190. Therefore, we afford almost complete deference to the trial court in determining historical facts. *See id.*; *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). A trial court's ruling will be sustained if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003). However, we review de novo mixed questions of law and fact that do not rely on an evaluation of credibility and demeanor. *See id.*

When the trial court does not make explicit findings of fact, as in the case before us, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *See Lerma*, 543 S.W.3d at 190.

First, at the suppression hearing, the trial court observed officer Cosme explain to appellant that he had pulled him over for failing to stop at a designated stopping point at an intersection and for making a wide right turn, thus violating two traffic laws of the State. *See* Tex. Transp. Code Ann. § 544.007(d) ("An operator of a vehicle facing only a steady red signal shall stop at a clearly marked

5

stop line."); Tex. Transp. Code Ann. § 545.101(a)("To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway"). In the context of a traffic stop, police officers are justified in stopping a vehicle when the officers have reasonable suspicion to believe that a traffic violation has occurred. *Lerma*, 543 S.W.3d at 190. Appellant did not dispute at the suppression hearing and has not complained on appeal that he did not commit these traffic violations such that Cosme lacked a basis to stop appellant in the first instance.

On a routine traffic stop, police officers may request certain information from a driver, such as a driver's license and car registration, and may conduct a computer check on that information. *Kothe v. State*, 152 S.W.3d 54, 63–64 (Tex. Crim. App. 2004).

Therefore, after having pulled appellant over for the traffic violation, Cosme was permitted to detain appellant temporarily while another officer on the other end of his radio ran the computer search. During the course of a detention, an officer may, in certain circumstances, conduct a pat-down search of an individual to determine whether the person is carrying a weapon. *Lerma*, 543 S.W.3d at 191. The record shows that Officer Cosme detained appellant when he asked appellant to step out of his vehicle wherein Cosme conducted such a pat-down of appellant. Appellant has not disputed (at the suppression hearing or on appeal) that the pat-down, wherein Cosme removed appellant's pocket-knife, was proper.

Appellant's contention at trial and on appeal is that the evidence sought to be suppressed was obtained during the course of this limited detention while Cosme was still waiting for confirmation that appellant had a warrant, and the additional search of his pockets and vehicle exceeded the scope of a legal search for the purposes of the limited detention. The State argued that the evidence was

6

discovered after his warrant had been confirmed, and was legally obtained in the search incident to appellant's arrest.

Officer Cosme testified at trial that he did not begin his subsequent search of appellant's pockets (where he discovered a bag of methamphetamines) and car (where he discovered marijuana) until after he had received confirmation of appellant's active warrant over the radio, when he heard the code word, "William". Our review of the testimony and the video evidence (and the accompanying audio) is that the video evidence does not conclusively contradict Cosme's testimony that he received confirmation of a warrant before he began his search incident to the arrest.

Under the applicable standard of review of appellant's complaint to the trial court's denial of his motion to suppress, where we afford almost complete deference to the trial court in determining historical facts, we conclude the trial court did not abuse its discretion and find no error. *See Lerma*, 543 S.W.3d at 190. We therefore overrule appellant's first issue.

### III. PUNISHMENT

In his second issue, appellant complains for the first time on appeal that the trial court denied him due process during the punishment phase of trial. In his statement of issues, he argues a threefold denial of due process, based on (1) an improper act during this phase that rendered his trial fundamentally unfair, (2) an act of judicial vindictiveness, and (3) vagueness in a criminal statute. The only discernable argument from appellant's brief is his contention that the trial court's mention of "good time" and parole eligibility was improper and denied him due process because these considerations conflict with statutorily proscribed punishment-charge instructions that courts are required to give to juries deliberating on punishment in applicable cases. *See* Tex. Code Crim. Pro. Ann. art.

7

37.07. The State argues in response that appellant waived this challenge, and failing that, that that the merits of appellant's argument are not supported by the record.

The State makes a fair preservation point: The record shows that no attempt was made to lodge an objection to any statement or act of the trial court during punishment, and the record lacks any post-judgment motion objecting to anything that occurred during the punishment hearing. Ordinarily, appellant's trial counsel must make a timely objection stating the grounds for his desired ruling with sufficient specificity to make the trial court aware of the claim, unless the specific grounds were apparent from the context. *See* Tex. R. App. P. 33.1(a)(1)(A). This general rule is applied to complaints of *prosecutorial* vindictiveness. *Neal v. State*, 150 S.W.3d 169, 177–78 (Tex. Crim. App. 2004)(finding criminal defendant must put trial court on notice of due process prosecutorial vindictiveness claim prior to raising issue on appeal). By analogy to *Neal*, our sister courts have applied the same preservation rule to complaints of *judicial* vindictiveness. *Harris v. State*, 364 S.W.3d 328, 337–38 (Tex. App.—Houston [1st Dist.] 2012, no pet.)(citing *Neal*, applying the same preservation standard by analogy); *see also Thomas v. State*, No. 12-07-00048-CR, 2007 WL 4216459, at *2 (Tex. App.—Tyler Nov. 30, 2007, no pet.)(same); See *Rosborough v. State*, No. 06-06-00237-CR, 2007 WL 2033762, at *2 (Tex. App.—Texarkana July 17, 2007, no pet.)(same).[3]

We presume without deciding that the issue was preserved, and review the record to determine if the trial judge abused her discretion so as to deny appellant due process at the punishment hearing. *See Brumit v. State*, 206 S.W.3d 639, 644–

---

[3] In accepting the analogy, none of these courts make a meaningful comparative discussion or consider the differences between prosecutorial and judicial vindictiveness. A more thorough treatment of the characteristics unique to judicial vindictiveness complaints would better assist the courts in resolving this preservation issue.

45 (Tex. Crim. App. 2006) (declining to decide whether an objection is required to preserve error on claims of judicial bias*); see also Barfield v. State*, 464 S.W.3d 67, 81 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd)(similarly considering unpreserved judicial bias complaint under limited review for fundamental error).

The record of the punishment hearing indicates that the trial judge set out to give "several" reasons for her decision but was interrupted by appellant before reaching the second reason and discontinued her announcement of the series of reasons after the interruption. The first reason she explained was based on how "good time works and parole works", where in so many words, she explained to appellant that the corrections system does not render him powerless to improve his future with his own choices while incarcerated. We find nothing in the court's statements at the punishment hearing that reflects that the trial judge was vindictive on any basis,[4] biased against appellant, or that she did not consider the full range of punishment. *See Brumit*, 206 S.W.3d at 645. Moreover, to the extent appellant complains that the judge as factfinder violated the instruction she would have been statutorily bound to deliver to a jury panel, we first note that appellant fails to point to a law that equally binds the judge in her own punishment assessment in the same manner. Though the logic of an even application does not escape us, we find no such law. In its plain-language reading of the statute, our sister court in Texarkana has observed the provision "limits its application to cases submitted to a *jury* for punishment." *See Meredith v. State*, 189 S.W.3d 395, 398–99 (Tex. App.— Texarkana 2006, pet. ref'd)(emphasis added). And while we agree with the Texarkana court's reading, we consider for the sake of argument, even if it applied

---

[4] Because the quality of "vindictiveness" relates to a desire for "vengeance", it would seem a complaint of vindictiveness should point not only to that backlash, or vindictive act, but also whatever appears to have spurred the backlash, i.e., the presumed basis for revenge. Appellant here has not clearly alleged anything which prompted the vindictive act. And it is not apparent from the record.

to Judge Holder's assessment of appellant's punishment, whether the record indicates that she actually violated it. The instruction states:

> "You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

Tex. Code Crim. Pro. Ann. art. 37.07.

Judge Holder began with the statement, "First of all, the way the good time works and parole works, your eligibility is a fourth of that. With good time, it could be less." On its face, this statement is no more than a summary of another portion of the Article 37.07 instruction. *See* Tex. Code Crim. Pro. Ann. art. 37.07(b) & (c)("Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. . ."). She follows and concludes simply by explaining that appellant like other inmates have the power to choose how they act and that their choices can implicate their time in prison. In no instance, did Judge Holder reveal that her decision was based on the manner in which the parole law *may* be applied to appellant, i.e. predict how "decisions made by prison and parole authorities" would affect his time in prison.

Under the applicable standard of review to review of appellant's due process complaints, we conclude the trial court did not abuse its discretion, and find no error. We therefore overrule appellants' second issue.

10

## IV. CONCLUSION

Having overruled each of appellant's complaints on appeal, we affirm the trial court's judgment.


/s/ Randy Wilson
    Justice

Panel consists of Justices Jewell, Hassan, and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).

11