

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00073-CR

_____

MANUEL JUAREZ-MENDEZ, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 137th District Court
Lubbock County, Texas,
Trial Court No. 2020-421,080, Honorable Trey McClendon III, Presiding

April 18, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Manuel Juarez-Mendez appeals his conviction for aggravated sexual assault. His victim, VR, was the young mother of his children. Apparently unwed to him, VR decided to end the relationship. That resulted in appellant forcing his way into her house, directing VR into her bedroom, locking the bedroom door behind them, physically impeding VR's exit, directing VR to pack in preparation for leaving with him, forcing her onto a bed after she refused to leave, sitting atop her as she fought him, forcing a blanket into her mouth,

regaining control of her after she momentarily escaped his grasp, twice forcing a pillow over her face, awakening her after rendering her unconscious, removing her pants, and ultimately penetrating her vagina with his penis without her consent.

Five issues pend for our review. They involve the sufficiency of the evidence supporting conviction, charge error, and the omission of a lesser-included offense. We affirm.

### *Issue One: Sufficiency of the Evidence*

Through his first point, appellant alleges the evidence was insufficient to establish that he placed her in fear of serious bodily injury or that he had the requisite *mens rea* when placing her in such fear. We overrule the issue.

The applicable standard of review is that described in *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021), and *Hammack v. State*, 622 S.W.3d 910, 914–15 (Tex. Crim. App. 2021). Under it, we compare the evidence of record to the elements of the offense as that offense is described in a hypothetically correct jury charge. *Hammack*, 622 S.W.3d at 914. The hypothetically correct charge here would require proof, beyond reasonable doubt, that while committing sexual assault, appellant "by acts or words place[d] the victim in fear that . . . serious bodily injury [would] be imminently inflicted on any person." *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(ii); *Salazar v. State*, 562 S.W.3d 61, 66 (Tex. App.—Corpus Christi 2018, no pet.).

In deciding if the State proved that aggravating element, we must remember the victim need not expressly testify she was afraid or scared, or otherwise feared for her life. *Blacklock v. State*, 611 S.W.3d 162, 168 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *Lourenco v. State*, No. 05-13-00192-CR, 2015 Tex. App. LEXIS 750, at *22 (Tex.

App.—Dallas Jan. 28, 2015, no pet.) (mem. op., not designated for publication).  Indeed, if the objective facts of the assault are of the ilk that naturally would cause the victim to fear for her life, then one can reasonably infer she had the requisite level of fear, without her expressed admission of fear.  *Id.*  And, examples of objective facts which naturally would cause one to fear death or serious bodily injury include the assailant's employment of a deadly weapon, utterance of explicit threats, or use of excessive force or violence at the time.  *Id.*

To reiterate, we find evidence that appellant forced his way into the house, directed VR to a bedroom, locked the door, and impeded her exit.  Then, VR found herself being forced onto the bed with appellant straddling her torso.  In response to her screams, appellant told her that no one would hear them.  They ultimately resulted in appellant shoving a blanket into her mouth, which act, according to VR, impeded her breathing.  VR having succeeded in removing the blanket, appellant then twice attempted to smother her with a pillow.  The last effort resulted in VR losing consciousness.  Undeterred, appellant revived his victim only to rape her.

Blankets and pillows may not be items one normally considers deadly weapons.  Nevertheless, a reasonable juror can reasonably infer that when forcibly placed over a person's mouth or nose in a way that impedes breathing, their use or intended use was capable of causing death or serious bodily injury; he or she can reasonably infer that the items became deadly weapons.  *See* Tex. Penal Code Ann*.* § 1.07(17)(B) (defining "deadly weapon" as including "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also Soto v. State,* 156 S.W.3d 131, 137 (Tex. App.—Fort Worth 2005, pet. ref'd) (concluding that a "pillow used in the

3

case now before this court was, in the manner of its use and intended use, capable of causing death and serious bodily injury and that the pillow, therefore, was a deadly weapon"). So, appellant's use of the blanket and pillow, as he did, naturally would cause a victim like VR to fear for her life, especially after having been subjected to appellant's other physically violent acts described earlier. To that we add VR's own words. She actually testified that she was "scared" appellant would "hurt me." Considering all of this evidence in a light favorable to the verdict, we conclude that the record contains more than ample proof allowing a reasonable juror to infer, beyond reasonable doubt, that appellant's "acts or words place[d] the victim in fear that . . . serious bodily injury [would] be imminently inflicted" upon her.

That appellant suggests other evidence could be interpreted in a way that indicates VR merely worried about the safety of her children, as opposed to her physical well-being, matters not. Making such an argument is merely an exercise in the misapplication of the standard of review, an exercise that many undertake on appeal. The jury, not the reviewing court, is the sole judge of the credibility of witnesses and the weight afforded their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Such is a fundamental principle often misunderstood, if not ignored, by appellants. Due to that principle, the very evidence that appellant deems favorable to him is the very evidence the jury is free to discredit.

Evidence of the way appellant used the blanket and pillows also provides sufficient evidence to negate another of appellant's arguments. Again, he asserts that the State failed to prove he had the requisite *mens rea* when engaging in the conduct causing VR to fear for her well-being. Assuming *arguendo* that the State was required to prove he

4

intended to place VR in fear of imminent serious bodily injury, his (1) telling her he was going to have sex with her, (2) forcing himself atop her while restraining her efforts to escape, (3) telling her that her screams were futile, (4) shoving a blanket into her mouth, (5) twice attempting to suffocate her with a pillow, and (6) his reviving her to experience the ensuing rape serve the purpose.

### *Issue Two: Charge Error–Instruction that Fear Must be "Reasonable"*

Appellant next urges "the trial court should have stepped in to make sure the cause of justice was advanced and not impeded by requiring a reasonable fear for conviction of the aggravated offense." In other words, he posits that the trial court should have instructed the jury that VR's fear of serious bodily injury had to be reasonable. We overrule the issue.

The words of § 22.021(a)(2)(A) say nothing about the victim's fear being reasonable. It merely iterates that "by acts or words [the accused] places the victim in fear that . . . death, serious bodily injury, or kidnapping will be imminently inflicted on any person." TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(ii). Consequently, the trial court's instruction tracked the statute by omitting reference to the victim's fear being reasonable, and an instruction that tracks the penal statute under which one is prosecuted is not erroneous. *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996); *Smith v. State*, No. 04-13-00711-CR, 2014 Tex. App. LEXIS 13705, at *31 (Tex. App.—San Antonio Dec. 23, 2014, no pet.) (mem. op., not designated for publication); *Whitney v. State*, 396 S.W.3d 696, 703 (Tex. App.—Fort Worth 2013, pet. ref'd).

5

### *Issue Three: Charge Error–Incomplete Definition*

Through issue three, appellant complains that the trial court erred by omitting from its charge a complete definition of "knowingly." According to appellant, the "'fear' element [incorporated into § 22.021(a)(2)(A)(ii)] is still a result of conduct" and "[r]esult of conduct culpable mental state is not defined anywhere in the jury charge." Its omission allegedly "reduced the state's burden of proof of the aggravating circumstance and is egregious error in light of the greater punishment that flows from an aggravated finding by the jury." We overrule the issue.

Admittedly, the jury charge at bar contained only one of the two definitions of "knowingly," that is, the one applicable to "nature of conduct" offenses. *See* TEX. PENAL CODE ANN. § 6.03(b) (stating that a "person acts knowingly, or with knowledge*, with* respect to the nature of his conduct . . . when he is aware of the nature of his conduct or that the circumstances exist"). Nevertheless, aggravated sexual assault is a conduct-oriented offense. *Boyd v. State*, No. 02-20-00090-CR, 2021 Tex. App. LEXIS 3966, at *6 (Tex. App.—Fort Worth May 20, 2021, no pet.) (mem. op., not designated for publication); *In re T.V.T.*, No. 14-18-00807-CV, 2019 Tex. App. LEXIS 11032, at *7 (Tex. App.—Houston [14th Dist.] Dec. 19, 2019, no pet.) (mem. op., not designated for publication); *accord Young v. State,* 341 S.W.3d 417, 423 n.20 (Tex. Crim. App. 2011) (wherein the court cited its opinion in *Vick v. State*, 991 S.W.2d 830 (Tex. Crim. App. 1999), for the proposition that "'[aggravated sexual assault] is a conduct-oriented offense in which the legislature criminalized very specific conduct of several different types'"). Being such, the trial court did not err in limiting the definition of "knowingly" as it did.

6

### *Issue Four: Charge Error–Unanimity Instruction*

Next, appellant argues that the trial court erred by omitting an instruction requiring unanimity on the aggravating factor, that is, unanimity as to whether his acts placed VR in fear of imminent serious bodily injury. We overrule the issue.

The purported risk of being less than unanimous allegedly arose from what appellant deemed to be confusing verbiage in the charge. That verbiage consisted of the court instructing the jurors, under the section entitled "Accusation" that "the defendant did then and there by acts or words ***threaten to cause, or place, [VR] in fear*** that serious bodily injury would be imminently inflicted on [VR]." (Emphasis added). Like wording also appeared in the section labelled "Application of Law to Facts." There, the jurors were told they could find appellant guilty if he penetrated VR's sexual organ without her consent and "did then and there by acts or words ***threaten to cause, or place [VR] in fear*** that serious bodily injury would be imminently inflicted on [VR]." (Emphasis added). Appellant questions to what the trial court referred when saying "threatened to cause": Was it alluding to a threat to cause serious bodily injury, a threat to cause VR to fear serious bodily injury, or a threat to cause something else? Whatever it was, he continues, the jurors should have been told to unanimously agree that his acts or words either (1) threatened to cause that something or (2) placed VR in fear of serious bodily injury.

Admittedly, those aspects of the charge are a bit confusing. Yet, appellant did not object to them at trial. Additionally, the trial court had earlier said, under the heading "Law," that "[a] person commits an offense of Aggravated Sexual Assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent and ***by acts or words places the***

7

***victim in fear of serious bodily injury.***" (Emphasis added). Missing from that passage

is the phrase "threaten to cause," which, consequently, had the effect of telling the jury of

only one aggravating circumstance. We further note the presence of boilerplate unanimity

instruction in the charge. Through it, the jurors were told that (1) "in order to return a

verdict of guilty, you must all agree the defendant committed one of the specific acts

contained in this jury charge"; and (2) "[y]ou need not all agree that the defendant

committed all of the acts, but you must all agree that the defendant committed the same

act."

Next, we see that the State's closing argument emphasized the act of placing VR

in fear of serious bodily injury, as opposed to some other aggravating factor.[1] And, as

mentioned earlier, the record contains ample evidence from which a factfinder could

reasonably infer that appellant's words and actions placed VR in fear of imminent serious

bodily injury.

The foregoing circumstances lead us to conclude that even if the confusing nature

of the charge evinced error, appellant suffered no egregious harm from it. It did not affect

the very basis of the prosecution, deprive him of a valuable right, or vitally affect a

defensive theory. *See Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008) (stating

that a "conviction should be reversed for unobjected-to jury charge error only if it resulted

in 'egregious harm'" and "[h]arm is egregious if it deprives the appellant of a 'fair and

impartial trial'"); *Bright v. State*, No. 07-15-00118-CR, 2016 Tex. App. LEXIS 6885, at *14

(Tex. App.—Amarillo June 29, 2016, pet. ref'd) (mem. op., not designated for publication)

---

[1] The prosecutor argued: "[a]nd then the last one, ***placed her in fear of*** imminent bodily injury, serious bodily injury. I don't have to prove, it's not the burden of the State to prove that she actually died, or that she actually lost major organ function, only that ***he placed her in fear of*** those things." (Emphasis added).

8

(stating the same and describing egregious harm as harm that "affects the very basis of the case, deprives the appellant of a valuable right, or vitally affects a defensive theory").

### Issue Five: Charge Error–Lesser-Included Offense

Though his last issue, appellant argues that the trial court erred in refusing to give a lesser-included instruction on misdemeanor or simple assault, despite trial counsel's request. We overrule the issue.

The parties agree that the relevant standard in reviewing preserved charge error relating to a lesser-included offense implicates a two-step analysis. *George v. State*, 634 S.W.3d 929, 937 (Tex. Crim. App. 2021). First, we determine, as a question of law, whether the proof necessary to establish the charged offense also includes the lesser offense. *Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021). If it does, then we assess whether the evidence admitted at trial would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* Our analysis ends at the first step.

Appellant cited us to no authority holding that misdemeanor assault is a lesser-included offense of aggravated sexual assault. Nor did he provide us with substantive analysis illustrating why he thought the proof necessary to establish the charged offense also included proof of the lesser. Instead, he merely quoted § 22.01(a)(1)–(3) of the Penal Code (i.e., the simple assault statute), quoted part of the indictment, and opined that "it seems obvious that misdemeanor assault is a lesser-included offense in this case." Moreover, the foregoing statute describes three distinct forms of simple assault: bodily-injury assault, assault by threat, and offensive-contact assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1)–(3). We are left to guess at which of the three appellant believes the

9

trial court should have submitted. Yet, our appellate duties do not include the obligation to pick a card for him. It is his obligation to substantively explain his position to us, that is, pick his own card and substantively explain why its choice entitled him to the relief sought. Furthermore, his omission is of import because authority holds that not every form of simple assault is a lesser-included offense of aggravated sexual assault. *See, e.g., Mathis v. State*, 443 S.W.3d 391, 396–98 (Tex. App.—Austin 2014, no pet.) (finding that bodily-injury assault is not a lesser-included offense of sexual assault because bodily injury is not an element of sexual assault and assault causing bodily injury requires proof of an additional element); *Cisneros v. State*, No. 05-12-01532-CR, 2014 Tex. App. LEXIS 6854, at *14–15 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op., not designated for publication) (finding bodily-injury assault is not a lesser-included offense of aggravated sexual assault because aggravated sexual assault does not require proof of bodily injury and evidence of penetration is not evidence of bodily injury); *Denton v. State*, No. 02-05-00044-CR, 2006 Tex. App. LEXIS 6662, at *13–14 (Tex. App.—Fort Worth July 27, 2006, pet. ref'd) (mem. op.) (concluding the same). So, we conclude that appellant's failure to provide us substantive analysis in the way described here relieves us from addressing the issue. *See Lilly v. State,* 365 S.W.3d 321, 326 (Tex. Crim. App. 2012) (holding that because the appellant failed to provide substantive analysis or authority supporting his claim, his inadequate briefing relieved the court of addressing the claim).

One other ground also warrants rejection of his complaint. It concerns the absence of harm. The trial court submitted to the jury the lesser offense of sexual assault. The circumstance differentiating that offense from the accusation of aggravated sexual assault was the absence of the aggravating factor. In other words, the trial court afforded the jury

opportunity to convict appellant of a lesser crime if it did not believe he placed VR in fear of serious bodily injury. Indeed, it is the supposed lack of proof of that particular aggravating factor that warranted submission of misdemeanor assault, according to appellant. Yet, the jury nevertheless found him guilty of the greater offense. It having eschewed the opportunity to convict appellant of the intervening lesser-included offense of sexual assault, we cannot say appellant suffered any harm from the trial court's decision to withhold an instruction on simple assault, assuming, of course, such was error. *Partida v. State*, 279 S.W.3d 801, 804–805 (Tex. App.—Amarillo 2007, pet. ref'd) (concluding that the jury's failure to find appellant guilty of an intervening lesser-included offense which was submitted rendered harmless the failure to instruct on an even lesser offense).

We affirm the trial court's judgment convicting appellant of aggravated sexual assault.


Brian Quinn
Chief Justice

Do not publish.

11